**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 BANKRUPTCY |
| | * | |
| WALLACE, RUSH, SCHMIDT, INC. | * | CASE NO. 17-10698 |
| | * | |
| DEBTOR | * | SECTION "A" |
| | * | |

**********************************************************************

**DEBTOR'S MOTION TO
RE-OPEN CHAPTER 11 CASE
TO ENFORCE PLAN PROVISIONS**

**NOW INTO COURT** comes Debtor, Wallace, Rush, Schmidt, Inc. (sometimes hereinafter "WRS" or "Debtor") through undersigned Counsel, who files its Motion to Re-open its Chapter 11 Case pursuant to *11 U.S.C.S §350(b)* and *Federal Rule of Bankruptcy Procedure 5010* to affect a proposed Adversary Proceeding by WRS to Request Release and Payment of Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324 and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over this Chapter 11 case and this Motion pursuant to *28 U.S.C. §157(b)(1)* and *Local Bankruptcy Rule 7040 -1.* This is a core proceeding as defined by *28 U.S.C. §157 (b)(2)(A), (E), and (L).* This Court has authority to enter a final order granting relief pursuant to *11 U.S.C. §105 (a)* and the Federal Rules of Bankruptcy Procedure, *Rule 7001(1).* Venue is proper before this Court pursuant to *28 U.S.C. §§ 1408 and 1409.*

-1-

## PROCEDURAL AND FACTUAL BACKGROUND

2.

WRS filed its Third Amended Plan of Reorganization on June 20, 2018 (Exhibit No. 1; Doc. 359) which proposed the Class 6 Kristina Transportation Litigants ("Kristina Claims") be paid by insurance, but with any excess of insurance claims to be paid from a $100,000.00 contingency fund. (Exhibit No. 1; Par, 4-5, pg. 15) The Court entered an Order Confirming Debtor's Third Amended Plan of Reorganization with modifications on September 13, 2018. (See Exhibit No. 2; Doc. 438) The Court also entered an Order approving the Finding of Facts, Conclusions of Law in Support of Order Confirming Third Amended Plan of Reorganization as Immaterially Modified. (See Exhibit No. 3; Doc. 438-1)

The Plan (Doc. 359) (See Exhibit No. 1) was amended pursuant to First Immaterial Modification on June 21, 2018 (Doc. 361) (See Exhibit No. 4); Second Immaterial Modification on August 30, 2018 (Doc. 417) (See Exhibit No. 5) ; and Third Immaterial Modification *as directed by the Court* on September 13, 2018. (Doc. 433) (See Exhibit No. 6)

On October 28, 2019 an entry was recorded on the Docket Report closing the Debtor's Chapter 11 Bankruptcy Case. The unliquidated, contingent claims of Kristina's Transportation Claimants was treated in Debtor's Confirmed Plan as Class 6 and Class 6 was approved in the Debtor's Plan.

3.

An Order (Doc. 527) (See Exhibit No. 7) was entered into the record by this Court on June 17, 2019, Granting Debtor's Motion for Final Decree with Stipulations (Doc. 514-0 & 514-1 and Doc. 526).

### TREATMENT OF KRISTINA'S TRANSPORTATION LITIGATION CLAIMS

4.

The Third Amended Plan of Reorganization ("Plan") was propounded by the Debtor, WRS on June 20, 2018 (Doc. 359; Exhibit No. 1) and contained in such is the proposed treatment of the Class 6: Contingency and Unliquidated Claims of Kristina's Transportation Litigants (pg. 9, par 4.5). More particularly the Plan addresses the Class 6 Claims as follows:

> *Any and all losses that are attributed to claims against the Debtor which are pending in state court proceedings shall be covered and paid by its insurers, National Union Fire Insurance Company of Pittsburgh, PA, Debtor's General Liability Insurance Carrier and its Business Auto Policy with Hallmark Specialty, Ins. Company should the Court find liability for same.*
>
> *The Equity Security Holders of Debtor shall provide $100,000.00 as a contingent contribution, as a fair and equitable treatment of these claims in accordance with 11 U.S.C. §1129 to be accumulated over the 60 month life of the Plan. Such claims shall be ruled upon by the U.S. District Court for the Eastern District of Louisiana as required by 28 U.S.C.S. § 157(b)(5).*

In addition, the Court Approved Third Amended Plan further provided for Kristina Claims as follows:

> *Class 6 Claims will be paid through the Plan by its insurance carriers, if and only if, any Judgment of Liability of Debtor is rendered by the State Court proceedings pending which shall be referred to the U.S. District Court for the Eastern District of Louisiana as required by 28 U.S.C.S. § 157(b)(5). In addition, any Class 6 claims in excess of insurance coverage, if any, shall be paid from the Equity Security Holders of Debtor's contribution of a $100,000.00 fund for excess claim coverage on a pro rata basis. (Exhibit No. 1; Doc. 359, pg. 15)*

5.

The Immaterial Modification to Third Amended Plan of Reorganization (Exhibit No. 4; Doc. 361) reiterates and further emphasizes how the Kristina Claims are to be resolved as related to WRS as follows:

> *The payments to the Kristina's claimants shall be paid through insurance coverage by the Debtor's insurance companies and carriers should any Judgment be issued regarding liability to Debtor through the pending State Court proceedings listed above. (Exhibit No. 4; pg. 7, par. 1)*

> *The Debtor shall provide $100,000.00 as a contingent contribution, for all Unliquidated, Contingent Claims as a fair and equitable treatment in accordance with 11 U.S.C. §1129 to be accumulated over the 60 month life of the Plan should any Judgment be entered into the record assigning liability to Debtor. (Exhibit No. 4; Doc. 361; pg. 7; par. 2)*

The Kristina Claimants are designated as Class 6:

> *Class 6 Claims will be paid through the Plan by its insurance carriers, if and only if, any Judgment of Liability of Debtor is rendered by the State Court proceedings pending which shall be referred to the U.S. District Court for the Eastern District of Louisiana as required by 28 U.S.C.S. § 157(b)(5) for the Kristina's Claimants.*

> *The Class Action Suit, not yet certified will also be paid from the Debtor's insurance carriers, if and only if, any Judgment of Liability of Debtor is rendered.*

> *Any Class 6 claims in excess of insurance coverage, if any, shall be paid from the Debtor's contribution of a $100,000.00 fund for excess claim coverage on a pro rata basis. (Exhibit No. 4; Doc. 361; pg. 9; par. 6, pg.10; par. 1)*

6.

The Debtor's Second Immaterial Modification to Third Amended Plan of Reorganization (Do. 359) as Modified by Immaterial Modification (Doc. 361) was filed into the record of the Bankruptcy Case of WRS to clarify the treatment of the Kristina Claims (See Exhibit No. 5, Doc. 417) and that of the Debtor as follows:

> *Debtors shall pay only any excess of a final judgment or settlement amount obtained during the life of the plan that is not covered by Debtor's insurance carriers and then only for amounts against Debtor.*

No Judgment has been issued against the Debtor by any of the Kristina's Claimants in any of the State Court proceedings.

7.

The Third Immaterial Modification to the Third Amended Plan of Reorganization (Doc. 359) as modified by Immaterial Modification (Doc. 361) (See Exhibit No. 6; Doc. 433) states:

> *No distribution from the Reserve Fund shall be made absent a final judgment or settlement agreement reflecting the Debtor's obligation to pay one or more Class 6 Claimants; and, then such distribution shall not exceed the amount of any such judgments or settlement agreements. If any funds remaining in the Reserve Account, at the end of the five year Plan period and after payment to all Class 6 Claimants who receive a final judgment or enter into a settlement agreement with the Debtor as provided herein, any such remaining funds shall be the property of the Reorganized Debtor, Wallace, Rush, Schmidt, Inc.*

8.

At the time the Plan and Immaterial Modifications were entered into the record, there was no Judgment against Debtors for any amounts due as no liability was established by any of the Plaintiffs in the 19th Judicial District Court, East Baton Rouge, State of Louisiana and there has never been any Judgment issued against Wallace, Rush, Schmidt for such. (the "Personal Injury Claimants")

9.

Debtor has set aside funds to satisfy the Class 6, Unliquidated, Contingent Claims of Kristina's Transportation Plaintiffs which has been deposited into a Reserve Account at Gulf Coast Bank, Account Ending 3324, on a monthly and quarterly basis, which details will be enumerated in the Memorandum in Support of Debtor's Motion to Re-open Chapter 11 Case with particularity, and in accordance with the Confirmed Plan. The funds in the Reserve Account represent a significant amount and accordingly, these funds are property of the Estate of Debtor, less One Hundred Thousand ($100,000.00) Dollars to be paid to the benefit of the Personal Injury Claimants.

**SIGNIFICANT EVENTS POST-PETITION**

10.

The Personal Injury Claimants of Kristina's Transportation Claimants were paid by Debtor's Insurance Company, National Union Fire Insurance Company of Pennsylvania, PA in the amount of Three Million ($3,000,000.00) Dollars. (See

Exhibit A, Copies of Checks issued) A Global, Confidential Settlement and Release Agreement and an Amendment to this Agreement ("Global Settlement Agreement") was Executed by duly authorized Representative, David Wallace, of Wallace, Rush, Schmidt, Inc. National Union Fire Insurance Company of Pittsburg, PA by its duly authorized representative, Robert J. David, Jr. and the duly authorized representative, Kenneth H. Hooks, III, Esq. of Dodson & Hooks representing all Kristina Transportation Claimants in this matter. In addition, releases were executed by each of the Kristina's Transportation Claimants through their representative, Kenneth H. Hooks, III, releasing Wallace, Rush, Schmidt, Inc, in connection with the Global, Confidential Settlement and Release Agreement and an Amendment to this Agreement. (See Exhibit B, Global Settlement Agreement)

11.

The State Court Cases in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana for all Kristina's Personal Injury Claimants, Case No. 651-661 c/w 652346, 652503, 652861, 653062, 654298, 654590, 655062, 656236, 660857, 6609924 and 697244 were Dismissed with Judgment of Dismissal of the Court executed on February 5, 2022 due to the Three Million Dollar Settlement paid by the WRS Insurance Carrier, National Union Fire Insurance Company of Pennsylvania, PA and the Unopposed Motion to Dismiss filed by the Kristina's Transportation Claimants on February 4, 2022.

12.

Debtor will show the Court that compelling circumstances establish cause for reopening its Chapter 11 Case due to the funds in escrow for Debtor exceeding Five Hundred Thousand ($500,000.00) Dollars and the Settlement effected with all Kristina's Personal Injury Claimants by Debtor's Insurance carrier, National Union Fire Insurance Company of Pennsylvania, PA in the amount of Three Million Dollars ($3,000,000.00). This Settlement amount triggers the provisions of Debtor's Plan to pay the Kristina's Personal Injury Claimants out of the escrow account an amount of One Hundred Thousand ($100,000.00) Dollars with the remainder to be refunded and paid to the Debtor.

13.

This matter involves the administration and finalization of the Debtor's Confirmed Plan which addresses the Claims of Kristina Transportation Personal Injury Claimants post-confirmation funds accumulated through the Bankruptcy Court Orders for the implementation and final execution of the Gulf Coast Bank Reserve Account in view of the Settlement finalized with Debtor's Insurance Company and the Kristina's Transportation Personal Injury Claimants.

14.

Accordingly, *11 U.S.C.S §350(b)* provides that a bankruptcy case may be reopened in the Court in which such case was closed in order to administer assets, to

accord relief to the Debtor, or for other causes arising under Bankruptcy jurisdiction and encompasses those causes of action that are created or determined by a statutory provision of the *Bankruptcy Code*. In the instant case, *11 U.S.C.S §350(b)* is applicable.

**WHEREFORE,** the Debtor, Wallace, Rush, Schmidt, Inc. respectfully requests that this Court enter an Order to Re-open their Chapter 11 Case for the reasons referenced above and detailed with particularity in the accompanying Memorandum of Support and for such other relief as the Court deems appropriate.

Mandeville, Louisiana this 18th, day of July, 2022.

Respectfully submitted:

/s/ Phillip K. Wallace
**PHILLIP K. WALLACE (#13198)**
4040 Florida Street, Suite 203
Mandeville, Louisiana 70448
Telephone: (985) 624-2824
Facsimile: (985) 624-2823
E-Mail: philkwall@aol.com
***Counsel for Debtor,***
***Wallace, Rush, Schmidt, Inc.***

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Motion, Memorandum in Support and Exhibits have been served via Email through this Court's CM/ECF Electronic Notification System and by E-mail addresses listed below to the following parties this date.

Christy Bergeron
christy.bergeron@usdoj.gov

Sloan L. Abernathy
Deutsch, Kerrigan et al
755 Magazine St.
New Orleans, LA 70130
sabernathy@deutschkerrigan.com

Debra Fischman
Sher, Garner, Chaill, et al
909 Poydras St., Ste 1800
New Orleans, LA 70112
dfischman@shergarner.com

Randall C. Mulcahy
Garrison, Yount, Forte et al
909 Poydras, St. 1800
New Orleans, LA 70112
rmulcahy@garrisonyount.com

Cesar J. Vazquez
909 West Esplanade Avenue, Ste. 202
Kenner, LA 70065
cjvazquez@earthlink.net

Lambert J. Hassinger
Galloway, Johnson, Tompkins et al
One Shell Square
701 Poydras St., Ste. 4040
New Orleans, LA 70139
jhassinger@gallowayjohnson.com

Michael J. Remondet, Jr.
Jeansonne & Remondet, LLC
P.O. Box 91530
Lafayette, LA 70509-1530
miker@jeanrem.com

Pride J. Doran
Dwazendra J. Smith
Doran & Cawthorne, PLLC
P. O. Box 2119
Opelousas, LA 70571
pride@doranlawfirm.com
dwa@doranlawfirm.com
on behalf of Marcus & Christina Tate individually
and minor children

Charles L. Chassaignac, IV
Porteous, Hainkel & Johnson
301 St. Charles Street
Baton Rouge, LA 70802
cchassaignac@phjlaw.com

Musa Rahman
Johnson, Rahman & Thomas
P. O. Box 98001
Baton Rouge, LA 70898-8001
musa.rahman@lwcc.com

Patrick W. Woolbert
Richie, Richie and Oberle, LLP
1800 Creswell Avenue
Shreveport, LA 71134
pwoolbert@richierichieoberle.com

Patrick S. McGoey
Schonekas, Evans, McGoey, et al
909 Poydras St. Ste. 1600
New Orleans, LA 70112
patrick@semmlaw.com

James F. Ryan
Donovan & Lawler
4640 Rye Street, Suite No. 100
Metairie, LA 70006
jryan@donovanlawler.com

Bradley J. Luminais, Jr.,
Wager, Richard, Kutcher et al
Two Lakeway Center, Ste 900
3850 N. Causeway Blvd.
Metairie, LA 70002
bluminais@nolacounsel.com

Randal Gaines
Attorney at Law
7 Turnberry Drive
LaPlace, LA 70068
attnyrandal@gmail.com
on behalf of Latara Gaines individually and minor child

John W. Redmann
Edward L. Moreno
Law Office of John Redman
1101 West Bank Expressway
Gretna, LA 70053
on behalf of Emiliano Acosta individually and minor,
john@redmanlaw.com

Carlos A. Zelaya, II
J. Wayne Mumphrey, Mumphrey Law Firm
2118 Pakenham Dr.
Chalmette, LA 70043
on behalf of Maria Matamoros individually and minor child
czelaya@mumpreylaw.com

William F. Bologna
Dwight L. Acomb
Attorneys at Law
1515 Poydras St., Ste. 2323
New Orleans, LA 70112-2323
on behalf of William M. Beal, Jr. and Amy Beal individually and minor children
wfbologna@aol.com

L. Blake Jones, Patrick J. Eskew
Scheuermann & Jones, LLC
701 Poydras St., Suite 4100
New Orleans, LA 70139
on behalf of Vickie Fuentes, Daisey Perez, Darlin Garcia and Dinora Portillo, Mariela Bardales, Kenyia and Keyla Gonzales
jones@nola-law.com

Barry J. Landry
Attorney at Law
P. O. Box 2560
LaPlace, LA 70069
on behalf of Jennifer Chauvin
landry52@aol.com

Richard Theodore Haik, Jr.
Morrow, Morrow, Ryan et al
324 W. Landry St.
Opelousas, LA 70570
on behalf of Nicholas & Rebecca Saale individually and Minor child
richardh@mmrblaw.com

Kenneth H. Hooks, III
H. Price Mounger, III
Dodson & Hooks, LLC
112 Founders Drive
Baton Rouge, LA 70810
on behalf of Kristinas Claimants kenny@dodsonhooks.com
on behalf of Princess Sherrod, and minor and estate of Jermaine Starr, David Jones, Adrian Gains as tutrix for minor

Andrew A. Lemmon
Scott J. Falgoust
Lemmon Law Firm, LLC
P. O. Box 904
Hahnville, LA 70057
on behalf of Interested Parties Estate of Jermaine Starr, Adriane Gaines, tutrix for minor
andrew@lemmonlawfirm.com

Christopher McCall
Baggett, McCall, Burgess, Watson et al
P.O. Drawer 7820
Lake Charles, LA 70606-7820
on behalf of Daniella Maciel DeSouza and minor child
cmccall@baggettmccall.com

H. Edward Sherman
Attorney at Law
6020 Carlise Ct.
New Orleans, LA 70131
on behalf of Creditor Jennifer Guidry Chauvin individually and Estate of Spencer Chauvin and minor children,
nolaatty4u@gmail.com

Miguel A. Elias
Donald A. Mau
Law Office of Miguel A. Elias
4224 Williams Blvd.
Kenner, LA 70065
on behalf to Berroa, Gonzales, Bardales
miguelelias@meliaslaw.com
on behalf of Fatima Berroa, Kenia Gonzales, Glenny Berroa, Keyla Gonzales, Mariella Bardales

Matthew Paul Skrabanek
Paul Skrabanek
Pierce, Skrabanek, Bruera, LLC
3701 Kirby Drive, Ste. 760
Houston, Louisiana 77098
on behalf of Interested Party David Jones
paul@pstriallaw.com

Cristian P. Silva
Attorney at Law
1818 Manhattan Blvd., Suite 2
Harvey, LA 70058
on behalf of Mirna Garay, Miriam Garay, Carmen Garay, Orencia Amaya, Orlando Moreira & Renia Lopez,
cristian@silvalawfirm.net

James Reeves
Reeves & Mestayer, PLLC
P. O. Drawer 1388
Biloxi, MS 39533
on behalf of Adriane Gaines, tutrix for Armani Starr and Estate of Germain Starr,Toni Ingram
jrr@rmlawcall.com

Barbara Parsons
Steffes, Vingiello & McKenzie, LLC
Building 3
13702 Coursey Blvd.
Baton Rouge, LA 70817
on behalf of Kristinas Claimants
bparsons@steffeslaw.com

Ivan A. Orihuyela & Ryan Creet
Ivan A. Orihuela, LLC
3213 Florida Ave., # C
Kenner, LA 70065
on behalf of Maria Estrada, Rosie Boddem, Nicaurya Duran, Leonila Galindo, Juan Garcia, Mariano Guzman, Melvin Herrera, Maria Sanchez, Francisco Mauricip, Gloria Alvarez, Mirna and Miriam Gray,  Carmen Gray, Ortencia Arnaya, Orlando Moreira, Renia Lopez
ivanaorihuela@hotmail.com

John D. Sileo
Casey W. Moil
Law Office of John D. Sileo
320 N. Carrolton Avenue, Ste. 101
New Orleans, LA 70119
on behalf of Kent and Gomez
jack@johnsileo.law.com
on behalf of Rodney Kent and Hilda Gomez

Lloyd Frischhertz
Frischhertz, Poulliard, et al
1130 St. Charles Ave.
New Orleans, LA 70130
on behalf ot Eriberto Amparo-Cordero
lloyd@fi-lawfirm.com

BTN Services, LLC
c/o Alejandro Favreau & Ivan Favreau
3013 Fountainview Drive, Suite 177
Houston, TX 77057
afernandez@backtonew.us
ifavreau@backtonew.us

        /s/ Phillip K. Wallace
        **PHILLIP K. WALLACE (#13198)**
        **Attorney for Wallace, Rush, Schmidt, Inc.**