## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE:** | * | **CHAPTER 11 BANKRUPTCY** |
| | * | |
| **WALLACE, RUSH, SCHMIDT, INC.** | * | **CASE NO.   17-10698** |
| | * | |
| **DEBTOR** | * | **SECTION   "A"** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEBTOR'S
### SUPPLEMENT TO MOTION TO
### <u>RE-OPEN CHAPTER 11 CASE</u>

**NOW INTO COURT** comes Debtor, Wallace, Rush, Schmidt, Inc. (sometimes hereinafter "WRS" or "Debtor") through undersigned Counsel, who files its Supplement to the Motion to Re-open its Chapter 11 Case pursuant to *11 U.S.C.S §350(b)* and *Federal Rule of Bankruptcy Procedure 5010* to affect a proposed Adversary Proceeding by WRS to Request Release and Payment of Estate Escrowed Funds deposited in, and being held in,  Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324 and respectfully represents as follows:

### <u>JURISDICTION AND VENUE</u>
1.

This Court has jurisdiction over this Chapter 11 case and this Motion pursuant *to 28 U.S.C. §157(b)(1)* and  *Local Bankruptcy Ru1e 7040 -1.*  This is a core proceeding as defined by *28 U.S.C. §157 (b)(2)(A), (E),* and *(L).* This Court has authority to enter a final order granting relief pursuant to *11 U.S.C. §105 (a)* and the Federal Rules of Bankruptcy Procedure, *Rule 7001(1).* Venue is proper before this Court pursuant to *28 U.S.C. §§ 1408 and 1409.*

## PROCEDURAL AND FACTUAL BACKGROUND

2.

**A.**  **Hearing held on Debtor's Motion to Re-open its Chapter 11 Case on August 17, 2022**

The Hearing on Debtor's Motion to Re-open its Chapter 11 Case **(Doc. 540)** pursuant to *11 U.S.C.S  §350(b)* and *Federal Rule of Bankruptcy Procedure 5010* to affect a proposed  Adversary Proceeding by WRS to Request Release and Payment of Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324 was held on August 17, 2022.  The Reserve Funds are currently in the amount of $535,129.70 and were set aside should any ***should any Judgment be issued regarding liability to Debtor through the pending State Court proceedings prior*** to any Settlement affected by Debtor's Insurance Carrier, National Liability & Fire Insurance Company of Pittsburg, PA. **As of this writing no Judgment has been entered into the record of any of the State Court proceedings issuing any liability for these Kristina' claims to Debtor** and all State Court Proceedings have been dismissed.

The Court also heard the Kristina's Transportation Objection to Debtor's Motion **(Doc. 548)** and Debtor's Response to Kristina's Objection **(Doc. 550).** Although Kristina's Objection included the personal names of all minor children and Counsel for Debtor alerted the Clerk of Court's Office on two occasions, the

Objection was never revised and the Clerk's Office did not issue a Deficiency.  As such, the Objection was not redacted or re-filed.

The Court issued an Order (**Doc. 551**) on August 19, 2022 stating it would take the matter under advisement.  In addition, on August 22, 2022 the Court issued a statement on the Docket Report that the Order Placing Matter Under Advisement Decision was Due by October 19, 2022.

**B.**     **National Liability & Fire Insurance Company of Pittsburg, PA**

On August 28, 2016, at approximately 7:17 a.m., a traffic accident occurred on Interstate 10, westbound, near the Belle Terre exit ramp in LaPlace, LA, Parish of St. John the Baptist, involving the ***driver of a bus owned by Kristina's Transportation*** that struck one or more vehicles.

The facts revealed that North American Cleaning Crew ("NOCC") contracted Kristina's Transportation to transport potential general laborers to a Hiring Center which were to be interviewed, qualified and possibly hired in connection with work for the Debtor.

There was no contract between Debtor and North American Cleaning Crew, L.L.C.  None of the potential general laborers transported that day by NOCC through Kristina's Transportation were ever hired by Debtor or contracted as general laborers due to a Motor Vehicle Accident which occurred prior to any of the general laborers arriving at the Hiring Center. There is no agency or employment relationship between

-3-

the independent contractor, North American Cleaning Crew, L.L.C., the driver, Denis Yasmir Amaya-Rodriguez, or Kristina's Transportation with Wallace, Rush, Schmidt, Inc. and there has never been any employment relationship with WRS by any of these entities.

However, Debtor revised and amended its confirmed Plan several times due to the Unsecured, Contingent and Unliquidated Claims of Kristina's Transportation.

National Liability & Fire Insurance Company ("National Liability") issued a commercial automobile liability policy to Kristina's Transportation bearing policy No. 73 APR 325304, with the effective dates of coverage of September 9, 2015 to September 9, 2016 ("Policy"). The Policy's bodily injury liability limit is $250,000.00 for each person and $500,000.00 for each accident. The Policy's property damage liability limit was $25,000.00 for each accident.   The full Policy limits of $525,000.00 were deposited into the Registry of the Court,  U.S. District Court Case, Eastern District of Louisiana, Case No. 2:16-cv-15149 MVL-DEK on March 23, 2017. ("District Court Case")

On June 20, 2022 an Ex Parte/Consent Motion was entered into the record of the District Court Case releasing the funds from National Liability & Fire Insurance Company deposited into the  Registry of the Court Case **(Doc. 126)** to Barbara Rivera Fulton, Chapter 7 Trustee in the Kristina's Transportation Chapter 7 Bankruptcy Case.

Kristina's Transportation, LLC filed a Chapter 7 Bankruptcy with the U.S. Bankruptcy Court, ED of Louisiana, Case No. 21-10155 on February 4, 2021.  The

Chapter 7 Trustee recently filed a Notice of Final Report and Application for

Compensation and Deadline to Object which was heard on August 31, 2022 in

connection with  the $525,000.00 transferred from the District Court Case.

**C.**     **National Liability & Fire Insurance Company of Pittsburg, PA Global
Confidential Settlement and Release Agreement and Amendment for
$3,000,000.00 plus $525,000.00 Transferred from U.S. District Court**

The Personal Injury Claimants of Kristina's Transportation were paid by

Debtor's Insurance Company, National Union Fire Insurance Company of

Pennsylvania, PA in the amount of Three Million ($3,000,000.00) Dollars. (See

Exhibit A, Copies of Checks issued)

A Global, Confidential Settlement and Release Agreement and an Amendment

to this Agreement ("Global Settlement Agreement") was Executed by duly authorized

Representative, David Wallace, of Wallace, Rush, Schmidt, Inc.  National Union Fire

Insurance Company of Pittsburg, PA by its duly authorized representative, Robert J.

David, Jr. and the duly authorized representative, Kenneth H. Hooks, III, Esq. of

Dodson & Hooks representing all Kristina Transportation Claimants in this matter.

In addition, releases were executed by each of the Kristina's Transportation

Claimants through their representative, Kenneth H. Hooks, III, releasing Wallace,

Rush, Schmidt, Inc, in connection with the  Global, Confidential Settlement and

Release Agreement and an Amendment to this Agreement. (See Exhibit B, Global

Settlement Agreement)

The Global Confidential Settlement and Release Agreement (See Exhibit B) executed by all of the Kristina's Claimants issued by National Liability & Fire Insurance Company of Pittsburg, PA **specifically states the following under Recitals on Page 5, Paragraph 3:**

> ***WHEREAS, without admitting any liability, insurance coverage, or responsibility whatsoever, the parties hereto have agreed to compromise and settle the claims against National Union and WRS in the Lawsuits, including any and all claims, rights, demands, causes of action, defenses, exceptions, and/or appeals arising out of and related to the Incident and/or the Lawsuits, on the following terms.***

**Further, on Page 5, Paragraph 7, No. 4 of the Settlement Agreement states:**

> ***4.     Limited Release by Claimants of WRS***
>
> ***a.      In consideration of the deposit of the Settlement Amount, each Claimant declares that each does hereby release, acquit, covenant not to execute and forever discharge WRS, of and from any and all past, present and future claims, demands, causes of action and rights of action, whatsoever, known and unknown, anticipated and unanticipated, which has, may, or might have resulted and/or will result from the Incident, including without limitation, any and all claims, rights of action and causes of action for past, present and future bodily and personal injuries, physical and mental pain and suffering, general damages, disability, disfigurement, loss of enjoyment of life, loss of wages, loss of income, loss of earning capacity, medical payments, medical expenses, surgical expenses, wrongful death, survival, property damage, loss of diminution in value, rental expenses, loss of consortium, loss of society, loss of love and affection, subrogation, indemnification, contribution, reimbursement, attorneys' fees, and any and all damages of whatsoever kind or character which may have been sustained and/or might in the future be sustained in any way resulting from or related to the aforesaid Incident.***

The State Court Cases in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana for all Kristina's Personal Injury Claimants, Case No. 651-661 c/w 652346, 652503, 652861, 653062, 654298, 654590, 655062, 656236, 660857, 6609924 and 697244 were Dismissed with Judgment of Dismissal of the Court executed on February 5, 2022 due to the Three Million Dollar Settlement paid by the WRS Insurance Carrier, National Union Fire Insurance Company of Pennsylvania, PA and the Unopposed Motion to Dismiss filed by the Kristina's Transportation Claimants on February 4, 2022.

Debtor's Second Immaterial Modification to Third Amended Plan of Reorganization **(Doc. 359)** as Modified by Immaterial Modification **(Doc. 361)** was filed into the record of the Bankruptcy Case of WRS to clarify the treatment of the Kristina Claims (See Exhibit No. 5, Doc. 417) and that of the Debtor as follows:

> *Debtors shall pay only any excess of a final judgment or settlement amount obtained during the life of the plan that is not covered by Debtor's insurance carriers and then only for amounts against Debtor.*

The Third Immaterial Modification to the Third Amended Plan of Reorganization **(Doc. 359)** as modified by Immaterial Modification **(Doc. 361)** (See Exhibit No. 6; Doc. 433)  states:

> *No distribution from the Reserve Fund shall be made absent a final judgment or settlement agreement reflecting the Debtor's obligation to pay one or more Class 6 Claimants; and, <u>then such distribution shall not exceed the amount of any such judgments or settlement agreements</u>. If any funds remaining in the Reserve Account, at the end of the five year Plan period and after payment to all Class 6*

***Claimants who receive a final judgment <u>or enter into a settlement agreement with the Debtor as provided herein, any such remaining funds shall be the property of the Reorganized Debtor, Wallace, Rush, Schmidt, Inc.</u>***

No Judgment has been issued against the Debtor by any of the Kristina's Claimants in any of the State Court proceedings and they have all been dismissed as referenced hereinabove.

Clearly the Global Confidential Settlement and Release Agreement executed by all Kristina's Claimants and the funds disbursed in the amount of $3,000,000.00 Void any/all treatment in Debtor's Confirmed Plan with Immaterial Modification as to any further liability to any of the Kristina's Claimants.  As such, the Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"),  account Ending 3324 are the possession of the Estate of Debtor in the amount of $535,129.70 should be released to Debtor which are Property of the Estate.

**D.    <u>Sanctions are Not Warranted</u>**

As enumerated hereinabove, Debtor is in compliance with Court Orders and has addressed all issues related to its Confirmed Plan, more particularly, the treatment of the Kristina's Claimants in detail.

*Bankruptcy Rule 9011(c)(1)(A)* clearly states::
        c)     Sanctions
             (1)    How initiated
                   (A)    By Motion
                         A Motion for Sanctions under this rule shall be made separately from other Motions or Requests and shall describe the specific conduct alleged to violate subdivision (b)

-8-

*Rule 11* (*Bankruptcy Rule 9011*) requires that when a party seeks the imposition of sanctions, it must do so by a Motion separate from any other motions. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc. 732 F. Supp 2d 653 (N.D. Tex. 2010)* A party seeking monetary sanctions under *Rule 11* must file a stand-alone motion describing specific sanctionable conduct, and must comply with the safe harbor provisions provided by *Rule 11(c)(2).*    *In re Silica Products Liability Litigation, 398 F. Supp 2d, 563, 673 n. 173 (S. D. Tex 2005) (citing Elliot v. Tilton, 64 F. 3d 213, 216 (5ᵗʰ Cir. 1995)*

The Kristina's Claimants have no basis for Sanctions in this matter in accordance with the executed Global Confidential Settlement and Release Agreement which is attached hereto in Exhibit B.  Clearly, Counsel for Kristina's Claimants is not in compliance with *Bankruptcy Rule 9011(c)(1)(A)*

Although Counsel for Kristina's Claimants alleges that the Debtor's attempted multiple times to thwart the Kristina's Claimants liability, it is just another attempt by the Kristina's Claimants to **milk** Debtor for additional funds already addressed, ordered and approved by the U.S. Bankruptcy Court in Debtor's Chapter 11 Case. Debtor's Plan was Amended several times to address the alleged claims of the Kristina's Claimants.

No Judgment has been issued against the Debtor by any of the Kristina's Claimants in any of the State Court proceedings and they have all been dismissed as referenced hereinabove.

## RELIEF REQUESTED

3.

For the reasons stated herein, Debtor asserts the Global Confidential Settlement and Release Agreement executed by all Kristina's Claimants and the funds disbursed in the amount of $3,000,000.00 issued by National Liability & Fire Insurance Company of Pittsburg, PA Voided any/all treatment in Debtor's Confirmed Plan as modified by Immaterial Modifications as to any further liability to any of the Kristina's Claimants.

For these reasons, the Release and Payment of Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324 should be granted as these are funds of the Estate.

**WHEREFORE,** for the reasons set forth above, Debtor, Wallace, Rush, Schmidt, Inc. respectfully requests that this Court issue an Order to Re-Open Debtor's Chapter 11 Case and for all other relief as justified.

Respectfully submitted:

/s/ Phillip K. Wallace
**PHILLIP K. WALLACE (#13198)**
4040 Florida Street, Suite 203
Mandeville, Louisiana 70448
Telephone: (985) 624-2824
Facsimile: (985) 624-2823
E-Mail: philkwall@aol.com
***Counsel for Debtor,***
***Wallace, Rush, Schmidt, Inc.***

## Certificate of Service

I hereby certify that a copy of the foregoing Supplement with Exhibits has been served via Email through this Court's CM/ECF Electronic Notification System and by E-mail addresses listed below to the following parties this date.

Christy Bergeron
christy.bergeron@usdoj.gov

Sloan L. Abernathy
Deutsch, Kerrigan et al
755 Magazine St.
New Orleans, LA 70130
sabernathy@deutschkerrigan.com

Debra Fischman
Sher, Garner, Chaill, et al
909 Poydras St., Ste 1800
New Orleans, LA 70112
dfischman@shergarner.com

Randall C. Mulcahy
Garrison, Yount, Forte et al
909 Poydras, St. 1800
New Orleans, LA 70112
rmulcahy@garrisonyount.com

Cesar J. Vazquez
909 West Esplanade Avenue, Ste. 202
Kenner, LA 70065
cjvazquez@earthlink.net

Lambert J. Hassinger
Galloway, Johnson, Tompkins et al
One Shell Square
701 Poydras St., Ste. 4040
New Orleans, LA 70139
jhassinger@gallowayjohnson.com

Michael J. Remondet, Jr.
Jeansonne & Remondet, LLC
P.O. Box 91530
Lafayette, LA 70509-1530
miker@jeanrem.com

Pride J. Doran
Dwazendra J. Smith
Doran & Cawthorne, PLLC
P. O. Box 2119
Opelousas, LA 70571
pride@doranlawfirm.com
dwa@doranlawfirm.com
on behalf of Marcus & Christina Tate individually
and minor children

Charles L. Chassaignac, IV
Porteous, Hainkel & Johnson
301 St. Charles Street
Baton Rouge, LA 70802
cchassaignac@phjlaw.com

Musa Rahman
Johnson, Rahman & Thomas
P. O. Box 98001
Baton Rouge, LA 70898-8001
musa.rahman@lwcc.com

Patrick W. Woolbert
Richie, Richie and Oberle, LLP
1800 Creswell Avenue
Shreveport, LA 71134
pwoolbert@richierichieoberle.com

Patrick S. McGoey
Schonekas, Evans, McGoey, et al
909 Poydras St. Ste. 1600
New Orleans, LA 70112
patrick@semmlaw.com

James F. Ryan
Donovan & Lawler
4640 Rye Street, Suite No. 100
Metairie, LA 70006
jryan@donovanlawler.com

Bradley J. Luminais, Jr.,
Wager, Richard, Kutcher et al
Two Lakeway Center, Ste 900
3850 N. Causeway Blvd.
Metairie, LA 70002
bluminais@nolacounsel.com

Randal Gaines
Attorney at Law
7 Turnberry Drive
LaPlace, LA 70068
attnyrandal@gmail.com
on behalf of Latara Gaines individually and minor child

John W. Redmann
Edward L. Moreno
Law Office of John Redman
1101 West Bank Expressway
Gretna, LA 70053
on behalf of Emiliano Acosta individually and minor,
john@redmanlaw.com

Carlos A. Zelaya, II
J. Wayne Mumphrey, Mumphrey Law Firm
2118 Pakenham Dr.
Chalmette, LA 70043
on behalf of Maria Matamoros individually and minor child
czelaya@mumpreylaw.com

William F. Bologna
Dwight L. Acomb
Attorneys at Law
1515 Poydras St., Ste. 2323
New Orleans, LA 70112-2323
on behalf of William M. Beal, Jr. and Amy Beal individually  and minor
children
wfbologna@aol.com

L. Blake Jones, Patrick J. Eskew
Scheuermann & Jones, LLC
701 Poydras St., Suite 4100
New Orleans, LA 70139
on behalf of Vickie Fuentes, Daisey Perez, Darlin Garcia and Dinora Portillo, Mariela Bardales, Kenyia and
Keyla Gonzales
jones@nola-law.com

Barry J. Landry
Attorney at Law
P. O. Box 2560
LaPlace, LA 70069
on behalf of Jennifer Chauvin
landry52@aol.com

Richard Theodore Haik, Jr.
Morrow, Morrow, Ryan et al
324 W. Landry St.
Opelousas, LA 70570
on behalf of Nicholas & Rebecca Saale individually and Minor child
richardh@mmrblaw.com

Kenneth H. Hooks, III
H. Price Mounger, III
Dodson & Hooks, LLC
112 Founders Drive
Baton Rouge, LA 70810
on behalf of  Kristinas Claimants kenny@dodsonhooks.com
on behalf of Princess Sherrod, and minor and estate of Jermaine Starr, David Jones, Adrian Gains as tutrix
for minor

Andrew A. Lemmon
Scott J. Falgoust
Lemmon Law Firm, LLC
P. O. Box 904
Hahnville, LA 70057
on behalf of Interested Parties Estate of Jermaine Starr, Adriane Gaines, tutrix for minor
andrew@lemmonlawfirm.com

Christopher McCall
Baggett, McCall, Burgess, Watson et al
P.O. Drawer 7820
Lake Charles, LA 70606-7820
on behalf of Daniella Maciel DeSouza and minor child
cmccall@baggettmccall.com

H. Edward Sherman
Attorney at Law
6020 Carlise Ct.
New Orleans, LA 70131
on behalf of Creditor Jennifer Guidry Chauvin individually and Estate of Spencer Chauvin and minor children,
nolaatty4u@gmail.com

Miguel A. Elias
Donald A. Mau
Law Office of Miguel A. Elias
4224 Williams Blvd.
Kenner, LA 70065
on behalf to Berroa, Gonzales, Bardales
miguelelias@meliaslaw.com
on behalf of Fatima Berroa, Kenia Gonzales, Glenny Berroa, Keyla Gonzales, Mariella Bardales

Matthew Paul Skrabanek
Paul Skrabanek
Pierce, Skrabanek, Bruera, LLC
3701 Kirby Drive, Ste. 760
Houston, Louisiana 77098
on behalf of Interested Party David Jones
paul@pstriallaw.com

Cristian P. Silva
Attorney at Law
1818 Manhattan Blvd., Suite 2
Harvey, LA 70058
on behalf of Mirna Garay, Miriam Garay, Carmen Garay, Orencia Amaya, Orlando Moreira & Renia Lopez,
cristian@silvalawfirm.net

James Reeves
Reeves & Mestayer, PLLC
P. O. Drawer 1388
Biloxi, MS 39533
on behalf of Adriane Gaines, and Estate of Germain Starr,Toni Ingram
jrr@rmlawcall.com

Barbara Parsons
Steffes, Vingiello & McKenzie, LLC
Building 3
13702 Coursey Blvd.
Baton Rouge, LA 70817
on behalf of Kristinas Claimants
bparsons@steffeslaw.com

Ivan A. Orihuyela & Ryan Creet
Ivan A. Orihuela, LLC
3213 Florida Ave., # C
Kenner, LA 70065
on behalf of Maria Estrada, Rosie Boddem, Nicaurya Duran, Leonila Galindo, Juan Garcia, Mariano Guzman,
Melvin Herrera, Maria Sanchez, Francisco Mauricip, Gloria Alvarez, Mirna and Miriam Gray,  Carmen Gray,
Ortencia Arnaya, Orlando Moreira, Renia Lopez
ivanaorihuela@hotmail.com

John D. Sileo
Casey W. Moil
Law Office of John D. Sileo
320 N. Carrolton Avenue, Ste. 101
New Orleans, LA 70119
on behalf of Kent and Gomez
jack@johnsileo.law.com
on behalf of Rodney Kent and Hilda Gomez

Lloyd Frischhertz
Frischhertz, Poulliard, et al
1130 St. Charles Ave.
New Orleans, LA 70130
on behalf ot Eriberto Amparo-Cordero
lloyd@fi-lawfirm.com

BTN Services, LLC
c/o Alejandro Favreau & Ivan Favreau
3013 Fountainview Drive, Suite 177
Houston, TX 77057
afernandez@backtonew.us
ifavreau@backtonew.us

/s/ Phillip K. Wallace
**PHILLIP K. WALLACE (#13198)**
**Attorney for Wallace, Rush, Schmidt, Inc.**