## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE:** | \* | **CHAPTER 11 BANKRUPTCY** |
| | \* | |
| **WALLACE, RUSH, SCHMIDT, INC.** | \* | **CASE NO.   17-10698** |
| | \* | |
| **DEBTOR** | \* | **SECTION   "A"** |
| | \* | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEBTOR'S RESPONSE TO KRISTINA PLAINTIFFS' AMENDED DEFENSE TO DEBTOR'S MOTION TO RE-OPEN CHAPTER 11 CASE

**NOW INTO COURT** comes Debtor, Wallace, Rush, Schmidt, Inc. (sometimes hereinafter "WRS" or "Debtor") through undersigned Counsel, who files its Response to the Amended Defense of Kristina Plaintiffs to Debtor's Motion to Re-open its Chapter 11 Case pursuant to *11 U.S.C.S §350(b)* and *Federal Rule of Bankruptcy Procedure 5010* to affect a proposed  Adversary Proceeding by WRS to Request Release and Payment of Estate Escrowed Funds deposited in, and being held in,  Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324 and respectfully represents as follows:

### SUMMARY OF ARGUMENT

1.

The Confirmation Order on the Third Immaterial Modification to the Third Amended Plan of Reorganization **(Doc. 359) (Doc. 433**) is binding on the Debtor and all creditors, whether or not they voted on the Plan.  The Kristina Plaintiffs have urged the Court in their Amended Defense to reopen the Chapter 11 Case of Debtor; however,  have requested limited purposes enforcing Plan obligations.

-1-

Debtor asserts that it has in fact fulfilled all obligations of the Confirmed Plan in connection with the Reserve Account as the cap and limit awarded to the Kristina Plaintiffs was $2.5 million dollars over the life of the Plan. The Reserve Account was initiated prior to any/all Settlements effected by the Global Settlement Agreement with the Kristina's Plaintiffs and Debtor's Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA which paid Three Million ($3,000,000.00) Dollars to the Kristina's Plaintiffs, **over $500,000.00 in excess of the Plan limit**. (See Exhibit A attached hereto)

As such, Debtor objects to the Kristina Plaintiffs limited purpose for re-opening its Chapter 11 Plan in accordance with the Settlement Check issued by the Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA in the amount of Three Million ($3,000,000.00) Dollars and requests this Honorable Court re-open its Chapter 11 proceeding to affect a proposed Adversary Proceeding by WRS to Request Release and Payment of Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324 in the approximate amount of $535,129.70. . ___*The Reserve Account was not initiated to Supplement any insurance coverage to the Kristina Plaintiffs, but only for payment by Debtor in the event of no Settlement.*___

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this Chapter 11 case and this Motion pursuant *to 28 U.S.C. §157(b)(1)* and *Local Bankruptcy Ru1e 7040 -1.*  This is a core proceeding as defined by *28 U.S.C. §157 (b)(2)(A), (E),* and *(L).* This Court has authority to enter a final order granting relief pursuant to *11 U.S.C. §105 (a)* and the *Federal Rules of Bankruptcy Procedure, Rule 7001(1).* Venue is proper before this Court pursuant to *28 U.S.C. §§ 1408 and 1409.*

## PROCEDURAL AND FACTUAL BACKGROUND

3.

### A.      Hearing held on Debtor's Motion to Re-open its Chapter 11 Case on August 17, 2022

The Hearing on Debtor's Motion to Re-open its Chapter 11 Case **(Doc. 540)** pursuant to *11 U.S.C.S §350(b)* and *Federal Rule of Bankruptcy Procedure 5010* to affect a proposed  Adversary Proceeding by WRS to Request Release and Payment of Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324 was held on August 17, 2022.  The Reserve Funds are currently in the amount of $535,129.70 and were set aside ***should any Judgment be issued regarding liability to Debtor through the pending State Court proceedings prior to any Settlement affected by Debtor's Insurance Carrier, National Liability & Fire Insurance Company of Pittsburgh, PA.*** As of this writing

**no Judgment has been entered into the record of any of the State Court proceedings issuing any liability in favor of the Kristina Plaintiffs claims and against Debtor.**

The Court also heard the Kristina's Transportation Objection to Debtor's Motion **(Doc. 548)** and Debtor's Response to Kristina's Objection **(Doc. 550).**

The Court issued an Order (**Doc. 551**) on August 19, 2022 stating it would take the matter under advisement.  *As of this writing no Order has been issued in connection with Debtor's Motion to Re-open its Chapter 11 Case.*

**B.     Basis of Kristina Plaintiffs Unliquidated, Unsecured and Contingent Claims**

On August 28, 2016, at approximately 7:17 a.m., a traffic accident occurred on Interstate 10, westbound, near the Belle Terre exit ramp in LaPlace, LA, Parish of St. John the Baptist, involving the ***driver of a bus owned by Kristina's Transportation*** that struck one or more vehicles.

The facts revealed that North American Cleaning Crew ("NOCC") contracted Kristina's Transportation to transport potential general laborers to a Hiring Center which were to be interviewed, qualified and possibly hired in connection with work for the Debtor.

There was no contract between Debtor and North American Cleaning Crew, L.L.C.  None of the potential general laborers transported that day by NOCC through Kristina's Transportation were ever hired by Debtor or contracted as general laborers due to the  Motor Vehicle Accident which occurred prior to any of the general

laborers arriving at the Hiring Center. There is no agency or employment relationship between the independent contractor, North American Cleaning Crew, L.L.C., the driver, Denis Yasmir Amaya-Rodriguez, or Kristina's Transportation with Wallace, Rush, Schmidt, Inc. and there has never been any employment relationship with WRS by any of these entities.

*However, Debtor revised and amended its confirmed Plan several times due to the Unsecured, Contingent and Unliquidated Claims of Kristina's Transportation.*

National Liability & Fire Insurance Company ("National Liability") issued a commercial automobile liability policy to Kristina's Transportation bearing policy No. 73 APR 325304, with the effective dates of coverage of September 9, 2015 to September 9, 2016 ("Policy"). The Policy's bodily injury liability limit is $250,000.00 for each person and $500,000.00 for each accident. The Policy's property damage liability limit was $25,000.00 for each accident.  The full Policy limits of $525,000.00 were deposited into the Registry of the Court,  U.S. District Court Case, Eastern District of Louisiana, Case No. 2:16-cv-15149 MVL-DEK on March 23, 2017. ("District Court Case")

On June 20, 2022 an Ex Parte/Consent Motion was entered into the record of the District Court Case releasing the funds from National Liability & Fire Insurance Company deposited into the  Registry of the Court **(Doc. 126)**  to Barbara Rivera Fulton, Chapter 7 Trustee in the Kristina's Transportation Chapter 7 Bankruptcy Case.

Kristina's Transportation, LLC had filed a Chapter 7 Bankruptcy with the U.S. Bankruptcy Court, ED of Louisiana, Case No. 21-10155 on February 4, 2021.  The Chapter 7 Trustee recently filed a Notice of Final Report and Application for

Compensation and Deadline to Object which was heard on August 31, 2022 in connection with the $525,000.00 transferred from the District Court Case.

**C.** **National Liability & Fire Insurance Company of Pittsburgh, PA Global Confidential Settlement and Release Agreement and Amendment for $3,000,000.00 plus $525,000.00 Transferred from U.S. District Court**

The Personal Injury Claimants of Kristina's Transportation were compensated by Debtor's Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA in the amount of Three Million ($3,000,000.00) Dollars which is actually One Million ($1,000,000.00) Dollars above and beyond policy limits. A copy of the checks issued is attached as Exhibit A.

A Global, Confidential Settlement and Release Agreement and an Amendment to this Agreement ("Global Settlement Agreement") was Executed by duly authorized Representative, David Wallace, of Wallace, Rush, Schmidt, Inc., National Union Fire Insurance Company of Pittsburgh, PA by its duly authorized representative, Robert J. David, Jr. and the duly authorized representative, Kenneth H. Hooks, III, Esq. of Dobson & Hooks representing all Kristina Transportation Claimants in this matter.

In addition, releases were executed by each of the Kristina's Transportation Claimants through their representative, Kenneth H. Hooks, III, releasing Wallace, Rush, Schmidt, Inc, in connection with the Global, Confidential Settlement and Release Agreement and an Amendment to this Agreement. (See Exhibit B, Global Settlement Agreement)

-6-

The Global Confidential Settlement and Release Agreement (See Exhibit B) executed by all of the Kristina's Claimants issued by National Liability & Fire Insurance Company of Pittsburgh, PA **specifically states the following under *Recitals* on Page 5, Paragraph 3:**

> *WHEREAS, without admitting any liability, insurance coverage, or responsibility whatsoever, the parties hereto have agreed to compromise and settle the claims against National Union and WRS in the Lawsuits, including any and all claims, rights, demands, causes of action, defenses, exceptions, and/or appeals arising out of and related to the Incident and/or the Lawsuits, on the following terms.*

> ***The Agreement,*** **on Page 5, Paragraph 7, No. 4 of the Settlement Agreement states:**

> **4.** <u>***Limited Release by Claimants of WRS***</u>

> <u>***a.*** *In consideration of the deposit of the Settlement Amount, each Claimant declares that each does hereby release, acquit, covenant not to execute and forever discharge WRS, of and from any and all past, present and future claims, demands, causes of action and rights of action, whatsoever, known and unknown, anticipated and unanticipated, which has, may, or might have resulted and/or will result from the Incident,*</u> *including without limitation, any and all claims, rights of action and causes of action for past, present and future bodily and personal injuries, physical and mental pain and suffering, general damages, disability, disfigurement, loss of enjoyment of life, loss of wages, loss of income, loss of earning capacity, medical payments, medical expenses, surgical expenses, wrongful death, survival, property damage, loss of diminution in value, rental expenses, loss of consortium, loss of society, loss of love and affection, subrogation, indemnification, contribution, reimbursement, attorneys' fees,* <u>*and any and all damages of whatsoever kind or character which may have been sustained and/or might in the future be sustained in any way resulting from or related to the aforesaid Incident.*</u>

The State Court Cases in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana for all Kristina's Personal Injury Claimants, Case No. 651-661 c/w 652346, 652503, 652861, 653062, 654298, 654590, 655062, 656236, 660857, 6609924 and 697244 were Dismissed with Judgment of Dismissal of the Court executed on February 5, 2022 due to the Three Million Dollar Settlement paid by the WRS Insurance Carrier, National Union Fire Insurance Company of Pittsburgh and the Unopposed Motion to Dismiss filed by the Kristina's Transportation Claimants on February 4, 2022.

The Third Immaterial Modification to the Third Amended Plan of Reorganization **(Doc. 359)** as modified by Immaterial Modification **(Doc. 361) (Doc. 433**) (Page 6, last paragraph) states:

*Unless otherwise agreed to by all Class 6 Claimants, the Reserve fund shall be distributed at the end of the five year life of the Plan on a pro-rata basis in accordance with any final Judgment or settlement agreement entered into regarding the amounts claimed by the Class 6 Claimants. Not withstanding the foregoing, No distribution from the Reserve Fund shall be made <u>absent a final judgment or settlement agreement</u> reflecting the Debtor's obligation to pay one or more Class 6 Claimants; and, <u>then such distribution shall not exceed the amount of any such judgments or settlement agreements.</u> If any funds remaining in the Reserve Account, at the end of the five year Plan period and after payment to all Class 6 Claimants who receive a final judgment <u>or enter into a settlement agreement with the Debtor as provided herein, any such remaining funds shall be the property of the Reorganized Debtor, Wallace, Rush, Schmidt, Inc.</u>*

No Judgment has been issued against the Debtor by any of the Kristina's Claimants in any of the State Court proceedings and they have all been dismissed as referenced hereinabove.

Clearly the Global Confidential Settlement and Release Agreement executed by all Kristina's Claimants and the funds disbursed in the amount of $3,000,000.00 Void any/all treatment in Debtor's Confirmed Plan with Immaterial Modification as to any further liability to any of the Kristina's Claimants.  As such, the Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"),  account Ending 3324 are property of the Estate of Debtor in the amount of $535,129.70.  These funds should be released to Debtor in accordance with Court approved provisions in The Third Immaterial Modification to the Third Amended Plan of Reorganization **(Doc. 359)** as modified by Immaterial Modification **(Doc. 361) (Doc. 433**).

**D.**    **Alleged Allegations and Incorrect Facts in Kristina Plaintiffs Amended Response**

1)    Kristina Plaintiffs erroneously allege Debtor is in Default of the Plan of Reorganization Treatment of Kristina Plaintiffs Claims and have listed a false and fictitious amount owed of $317,266.85 from WRS to the Reserve Account; however, provide no proof or exhibits to substantiate this alleged fictitious amount.

The Global Settlement Checks in the amount of Three Million ($3,000,000.00) Dollars were issued from Debtor's Insurance Provider on November 4, 2021 at which time the Debtor's Settlement Agreement was in full force and effect with all Kristina Claimants acknowledging same through their representative Counsel Kenny Hooks.

The bottom line is that the Kristina Claimants received over $3,000,000.00 from Debtor's Insurance Carrier, National Union Fire Insurance Company of Pittsburgh, PA and each one of the Kristina Claimants executed the Global Settlement Agreement (pg. 5, 4a ) Limited Release by Claimants of WRS which stated the following:

> ***4 a.   In consideration of the deposit of the Settlement Amount, each Claimant declares that each does hereby release, acquit, covenant not to execute and forever discharge WRS, of and from any and all past, present and future claims, demands, causes of action and rights of action, whatsoever, known and unknown, anticipated and unanticipated, which has, may, or might have resulted and/or will result from the Incident,*** *including without limitation, any and all claims, rights of action and causes of action for past, present and future bodily and personal injuries, physical and mental pain and suffering, general damages, disability, disfigurement, loss of enjoyment of life, loss of wages, loss of income, loss of earning capacity, medical payments, medical expenses, surgical expenses, wrongful death, survival, property damage, loss of diminution in value, rental expenses, loss of consortium, loss of society, loss of love and affection, subrogation, indemnification, contribution, reimbursement, attorneys'*

***fees, and any and all damages of whatsoever kind or character which***

***may have been sustained and/or might in the future be sustained in any***

***way resulting from or related to the aforesaid Incident.***

The Global Settlement was made a part of the Debtor's Confirmed Plan.  The Reserve Account was initiated prior to any Settlement with Debtor's Insurance Carrier, National Union Fire Insurance Company of Pittsburgh, ***not in addition to the Reserve Account Funds***.  The Global Settlement Agreement finalized any/all claims of the Kristina Claimants.

Counsel for Kristina Plaintiffs also argues the Plan expressly states that*, the Debtor shall pay*" a minimum of $240,000 and up to $2.5 million into the Reserve Fund.  *However, the $2.5 million cap and reserve was finalized with the $3,000,000.00 from Debtor's Insurance Carrier, National Union Fire Insurance Company of Pittsburgh, PA.*  Once again, the Kristina Plaintiffs are trying to "milk" even further any/all funds which were previously settled with the Global Agreement.

In addition, ***the Kristina Plaintiffs attempt to discredit the Debtor's Accounting and allege an amount of $317,266.85 is owed to the Reserve Account with no exhibits to substantiate*** or refute the accounting forwarded to Kristina Plaintiffs Counsel as provided in Exhibit C.

Kristina Plaintiffs allege Debtor has failed to deposit funds into the Gulf Coast Bank and Trust, Company ("Reserve Fund") in the fourth quarter of 2021 since they received the $3,000,000.00 Settlement Checks.  This is simply a "red herring!"

No request from Counsel for Kristina Plaintiffs to review any financials  was ever submitted to Counsel for WRS; however, a complete recap of all deposits made to the Reserve Account was forwarded to Counsel for Kristina Plaintiffs on October 28, 2022.  Counsel Kenny Hooks received a copy of the Reserve Account Bank Statement monthly since it was initiated and never requested any further accounting from Debtor. (See Exhibit C attached hereto)

Debtor is in compliance with the Confirmed Plan and has struggled to meet the financial burden established; however the Settlement Agreement finalized  any and all obligations of Debtor to Kristina Claimants above and beyond the cap of $2.5 million dollars.

Debtor urges the Court to re-open its Chapter 11 Case pursuant to *11 U.S.C.S §350(b)* and *Federal Rule of Bankruptcy Procedure 5010* to allow a proposed Adversary Proceeding by WRS to Request Release and Payment of Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324.

The Global Settlement Agreement does not include a reservation of Kristina Plaintiffs rights to recover any amounts that WRS has already deposited into the Reserve Fund and has settled any and all rights of the Kristina Plaintiffs. ***The Reserve Account was not initiated to Supplement any insurance coverage to the Kristina Plaintiffs, but only for payment by Debtor in the event of no Settlement.***

## LEGAL ARGUMENT

### 4.

Prior to addressing any substantive issues raised by the Plaintiffs, the court must first determine whether the main case bankruptcy proceeding should be reopened. Section 350(b) permits the bankruptcy court to reopen a case to administer assets, to accord relief to the debtor, or for other cause. *Bankruptcy Rule 5010* provides that a case is to be reopened upon motion and the motion should state facts that reasonably satisfy the court of the requisite cause for reopening. If a motion to reopen is granted, the movant may then file the appropriate documents or take the appropriate action to obtain the relief necessary within the case or adversary proceeding.  (*See First Nat'l Bank of Jeffersonville v. Goetz* (*In re Goetz*), 2009 Bankr. LEXIS 5521)

The reopening of a case is a ministerial act that has no substantive effect in itself. Reopening of a case merely provides an opportunity to request substantive relief. See *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001). Reopening of a case is

within the sound discretion of the court, and a case will only be reopened upon the demonstration of compelling circumstances justifying the reopening. "The longer the time between the closing of the estate and the motion to reopen ... the more compelling the reason for reopening the estate should be." *Citizens Bank & Trust Co. v. Case* (*In re Case*), 937 F.2d 1014, 1018 (5th Cir. 1991) quoting *Apex Oil Company, Inc. v. Sparks (In re Apex Oil Company, Inc.)*, 406 F. 3d 538, 543 (8th Cir. 2005). The burden of proof to demonstrate circumstances that are sufficiently compelling to justify reopening a case is on the movant. See *In re Winburn*, 196 B.R. 894, 897 (Bankr. N.D.Fla. 1996); In re *Nelson*, 100 B.R. 905, 906 (Bankr. N.D. Ohio 1989).

Typically, as in the instant case, a chapter 11 proceeding involves a reorganization whereby a chapter 11 plan restructures contractual obligations and becomes a contract between the parties, albeit created by a court order rather than by the joint signature of the parties. Confirmation substitutes the newly restructured obligations pursuant to the plan for debtor's pre-confirmation debts. The provisions of a confirmed plan are binding on the debtor and all creditors, whether or not they have accepted the plan, and confirmation of a plan operates as a final judgment with res judicata effect. See *11 U.S.C. § 1141(a)*; *First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough* (*In re Varat Enters., Inc.*), 81 F.3d 1310 (4th Cir. 1996); *Eubanks v. FDIC*, 977 F.2d 166 (5th Cir. 1992).

-14-

Confirmation of a plan vests all property not otherwise governed by the plan, including property not scheduled or included in the plan, in the debtor. As such, confirmation terminates the debtor's status as a debtor-in-possession and the bankruptcy estate ceases to exist. See *11 U.S.C. § 1141*; *In re U.S. Brass Corp.*, 301 F.3d 296 (5th Cir. 2002); In re Page, 118 B.R. 456 (N.D. Tex. 1990) and cases cited therein; In re *Coastline Care, Inc*., 299 B. R. 373 (Bankr. E.D.N.C. 2003); *James P. Driscoll, Inc. v. Gould*, 967 So. 2d 369 (Fla.App. 3 Dist., 2007). See *11 U.S.C. § 1142*; *Bank of Louisiana v. Craig's Stores of Texas, Inc.* (*In re Craig's Stores of Texas, Inc.*), 266 F.3d 388, 390 (5th Cir. 2001)

*Bankruptcy Rule 9024* provides that an action to revoke an order of confirmation and an individual debtor's discharge may be brought only within the time specified by *section 1144. Bankruptcy Rule 9006(b)* prohibits the [*13] court from enlarging the time for taking action under *Bankruptcy Rule 9024.* The 180 day deadline for seeking revocation of an order of confirmation is absolute and may not be extended by the court. Actions initiated after the 180-day period must be dismissed as untimely. The 180 day deadline applies even if the fraud is not discovered until after expiration of the 180 day period. *See 680 Fifth Ave. Assocs. v. EGI Co. Servs., Inc.*, 209 B.R. 314 (Bankr. S.D.N.Y. 1997); *Clarke v. Mission Heights Investors, Inc*., 202 B.R. 131 (Bankr. D. Ariz. 1996).

*11 U.S.C.S. § 350(b)* permits the bankruptcy court to reopen a case to administer assets, to accord relief to the debtor, or for other cause.

The provisions of a confirmed plan are binding on the debtor and all creditors, whether or not they have accepted the plan, and confirmation of a plan operates as a final judgment with res judicata effect. *11 U.S.C.S. § 1141(a).*

Confirmation of a Chapter 11 plan vests all property not otherwise governed by the plan, including property not scheduled or included in the plan, in the debtor. As such, confirmation terminates the debtor's status as a debtor-in-possession and the bankruptcy estate ceases to exist. *11 U.S.C.S. § 1141.*

There is a strong bankruptcy policy in favor of the finality of an order confirming a Chapter 11 plan and the provisions of Debtor's Plan should be enforced as written and approved in this matter.

## <u>SANCTIONS ARE NOT WARRANTED</u>

5.

As enumerated hereinabove, Debtor is in compliance with Court Orders and has addressed all issues related to its Confirmed Plan, more particularly, the treatment of the Kristina's Claimants in detail.

*Bankruptcy Rule 9011(c)(1)(A)* clearly states::

    c)    Sanctions

    (1)    How initiated

-16-

(A)     By Motion

A Motion for Sanctions under this rule shall be made separately from other Motions or Requests and shall describe the specific conduct alleged to violate subdivision (b)

*Rule 11* (*Bankruptcy Rule 9011*) requires that when a party seeks the imposition of sanctions, it must do so by a Motion separate from any other motions. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc. 732 F. Supp 2d 653 (N.D. Tex. 2010)*   A party seeking monetary sanctions under *Rule 11* must file a stand-alone motion describing specific sanctionable conduct, and must comply with the safe harbor provisions provided by *Rule 11(c)(2).    In re Silica Products Liability Litigation, 398 F. Supp 2d, 563, 673 n. 173 (S. D. Tex 2005) (citing Elliot v. Tilton, 64 F. 3d 213, 216 (5th Cir. 1995)*

The Kristina's Claimants have no basis for Sanctions in this matter in accordance with the executed Global Confidential Settlement and Release Agreement which is attached hereto in Exhibit B.  Clearly, Counsel for Kristina's Claimants is not in compliance with *Bankruptcy Rule 9011(c)(1)(A*

Although Counsel for Kristina's Claimants alleges that the Debtor's attempted multiple times to thwart the Kristina's Claimants liability, it is just another attempt by the Kristina's Claimants to **milk** Debtor for additional funds already addressed, ordered and approved by the U.S. Bankruptcy Court in Debtor's Chapter 11 Case.

Debtor's Plan was Amended several times to address the alleged claims of the Kristina's Claimants.

No Judgment has been issued against the Debtor by any of the Kristina's Claimants in any of the State Court proceedings and they have all been dismissed as referenced hereinabove.

## **RELIEF REQUESTED**

6.

For the reasons stated herein, Debtor asserts the Global Confidential Settlement and Release Agreement executed by all Kristina's Claimants and the funds disbursed in the amount of $3,000,000.00 issued by National Liability & Fire Insurance Company of Pittsburgh, PA finalized any/all treatment in Debtor's Confirmed Plan as modified by Immaterial Modifications as to any further liability from Wallace, Rush, Schmidt, Inc. to any of the Kristina's Claimants. The cap of $2.5 million dollars regarding the Reserve Account was met with $3 million dollars being paid by Debtor's Insurance Carrier on November 4, 2021 by National Liability & Fire Insurance Company of Pittsburgh, PA and funds currently in the Reserve Account are property of the Estate of WRS.

The Release and Payment of Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324 should be granted as these are funds Property of the Bankruptcy Estate.

**WHEREFORE,** for the reasons set forth above, Debtor, Wallace, Rush, Schmidt, Inc. Submits its Response to the Amended Defense of Kristina Plaintiffs to Debtor's Motion to Re-open its Chapter 11 and for all other relief as justified.

Respectfully submitted:

/s/ Phillip K. Wallace
**PHILLIP K. WALLACE (#13198)**
4040 Florida Street, Suite 203
Mandeville, Louisiana 70448
Telephone: (985) 624-2824
Facsimile: (985) 624-2823
E-Mail: philkwall@aol.com
*Counsel for Debtor,*
*Wallace, Rush, Schmidt, Inc.*

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing Exhibits has been served via Email through this Court's CM/ECF Electronic Notification System and by E-mail addresses listed below to the following parties this date of December 7, 2022.

Christy Bergeron
christy.bergeron@usdoj.gov

Sloan L. Abernathy
Deutsch, Kerrigan et al
755 Magazine St.
New Orleans, LA 70130
sabernathy@deutschkerrigan.com

Debra Fischman
Sher, Garner, Chaill, et al
909 Poydras St., Ste 1800
New Orleans, LA 70112
dfischman@shergarner.com

Randall C. Mulcahy
Garrison, Yount, Forte et al
909 Poydras, St. 1800
New Orleans, LA 70112
rmulcahy@garrisonyount.com

Cesar J. Vazquez
909 West Esplanade Avenue,
Ste. 202
Kenner, LA 70065
cjvazquez@earthlink.net

Lambert J. Hassinger
Galloway, Johnson, Tompkins
et al
One Shell Square
701 Poydras St., Ste. 4040

New Orleans, LA 70139
jhassinger@gallowayjohnson.com

Michael J. Remondet, Jr.
Jeansonne & Remondet, LLC
P.O. Box 91530
Lafayette, LA 70509-1530
miker@jeanrem.com

Pride J. Doran
Dwazendra J. Smith
Doran & Cawthorne, PLLC
P. O. Box 2119
Opelousas, LA 70571
pride@doranlawfirm.com
dwa@doranlawfirm.com

-19-

on behalf of Marcus & Christina Tate individually and minor children

Charles L. Chassaignac, IV
Porteous, Hainkel & Johnson
301 St. Charles Street
Baton Rouge, LA 70802
cchassaignac@phjlaw.com

Musa Rahman
Johnson, Rahman & Thomas
P. O. Box 98001
Baton Rouge, LA 70898-8001
musa.rahman@lwcc.com

Patrick W. Woolbert
Richie, Richie and Oberle, LLP
1800 Creswell Avenue
Shreveport, LA 71134
pwoolbert@richierichieoberle.com

Patrick S. McGoey
Schonekas, Evans, McGoey, et al
909 Poydras St. Ste. 1600
New Orleans, LA 70112
patrick@semmlaw.com

James F. Ryan
Donovan & Lawler
4640 Rye Street, Suite No. 100
Metairie, LA 70006
jryan@donovanlawler.com

Bradley J. Luminais, Jr.,
Wager, Richard, Kutcher et al
Two Lakeway Center, Ste 900
3850 N. Causeway Blvd.
Metairie, LA 70002
bluminais@nolacounsel.com

Randal Gaines
Attorney at Law
7 Turnberry Drive
LaPlace, LA 70068
attnyrandal@gmail.com
on behalf of Latara Gaines individually and minor child

John W. Redmann
Edward L. Moreno
Law Office of John Redman
1101 West Bank Expressway
Gretna, LA 70053
on behalf of Emiliano Acosta individually and minor,
john@redmanlaw.com

Carlos A. Zelaya, II
J. Wayne Mumphrey,
Mumphrey Law Firm
2118 Pakenham Dr.
Chalmette, LA 70043
on behalf of Maria Matamoros individually and minor child
czelaya@mumpreylaw.com

William F. Bologna
Dwight L. Acomb
Attorneys at Law
1515 Poydras St., Ste. 2323
New Orleans, LA 70112-2323
on behalf of William M. Beal, Jr. and Amy Beal individually and minor children
wfbologna@aol.com

L. Blake Jones, Patrick J. Eskew Scheuermann & Jones, LLC701 Poydras St., Suite 4100New Orleans, LA 70139
on behalf of Vickie Fuentes, Daisey Perez, Darlin Garcia and Dinora Portillo, Mariela Bardales, Kenyia and Keyla Gonzales
jones@nola-law.com

Barry J. Landry
Attorney at Law
P. O. Box 2560
LaPlace, LA 70069
on behalf of Jennifer Chauvin
landry52@aol.com

Richard Theodore Haik, Jr.
Morrow, Morrow, Ryan et al
324 W. Landry St.
Opelousas, LA 70570
on behalf of Nicholas & Rebecca Saale individually and Minor child
richardh@mmrblaw.com

Kenneth H. Hooks, III
H. Price Mounger, III
Dodson & Hooks, LLC
112 Founders Drive
Baton Rouge, LA 70810
on behalf of Kristinas Claimants
kenny@dodsonhooks.com
on behalf of Princess Sherrod, and minor and estate of Jermaine Starr, David Jones, Adrian Gains as tutrix for minor

Andrew A. Lemmon
Scott J. Falgoust
Lemmon Law Firm, LLC
P. O. Box 904
Hahnville, LA 70057
on behalf of Interested Parties Estate of Jermaine Starr, Adriane Gaines, tutrix for minor
andrew@lemmonlawfirm.com

Christopher McCall
Baggett, McCall, Burgess, Watson et al
P.O. Drawer 7820
Lake Charles, LA 70606-7820
on behalf of Daniella Maciel DeSouza and minor child
cmccall@baggettmccall.com

H. Edward Sherman
Attorney at Law
6020 Carlise Ct.
New Orleans, LA 70131
on behalf of Creditor Jennifer Guidry Chauvin individually and Estate of Spencer Chauvin and minor children,
nolaatty4u@gmail.com

Miguel A. Elias
Donald A. Mau
Law Office of Miguel A. Elias
4224 Williams Blvd.
Kenner, LA 70065
on behalf to Berroa, Gonzales, Bardales
miguelelias@meliaslaw.com
on behalf of Fatima Berroa, Kenia Gonzales, Glenny Berroa, Keyla Gonzales, Mariella Bardales

Matthew Paul Skrabanek
Paul Skrabanek
Pierce, Skrabanek, Bruera, LLC
3701 Kirby Drive, Ste. 760
Houston, Louisiana 77098
on behalf of Interested Party David Jones
paul@pstriallaw.com

Cristian P. Silva
Attorney at Law
1818 Manhattan Blvd., Suite 2
Harvey, LA 70058
on behalf of Mirna Garay, Miriam Garay, Carmen Garay, Orencia Amaya, Orlando Moreira & Renia Lopez,
cristian@silvalawfirm.net

James Reeves
Reeves & Mestayer, PLLC
P. O. Drawer 1388
Biloxi, MS 39533
on behalf of Adriane Gaines, and Estate of Germain Starr,Toni Ingram
jrr@rmlawcall.com

Barbara Parsons
Steffes, Vingiello & McKenzie, LLC
Building 3
13702 Coursey Blvd.
Baton Rouge, LA 70817
on behalf of Kristinas Claimants
bparsons@steffeslaw.com

Ivan A. Orihuyela & Ryan Creet
Ivan A. Orihuela, LLC
3213 Florida Ave., # C
Kenner, LA 70065
on behalf of Maria Estrada, Rosie Boddem, Nicaurya Duran, Leonila Galindo, Juan Garcia, Mariano Guzman, Melvin Herrera, Maria Sanchez, Francisco Mauricip, Gloria Alvarez, Mirna and Miriam Gray, Carmen Gray, Ortencia Arnaya, Orlando Moreira, Renia Lopez
ivanaorihuela@hotmail.com

John D. Sileo
Casey W. Moil
Law Office of John D. Sileo
320 N. Carrolton Avenue, Ste. 101
New Orleans, LA 70119
on behalf of Kent and Gomez
jack@johnsileo.law.com
on behalf of Rodney Kent and Hilda Gomez

Lloyd Frischhertz
Frischhertz, Poulliard, et al
1130 St. Charles Ave.
New Orleans, LA 70130
on behalf ot Eriberto Amparo-Cordero
lloyd@fi-lawfirm.com

BTN Services, LLC
c/o Alejandro Favreau & Ivan Favreau
3013 Fountainview Drive, Suite 177
Houston, TX 77057
afernandez@backtonew.us
ifavreau@backtonew.us

/s/ Phillip K. Wallace
**PHILLIP K. WALLACE (#13198)**
**Attorney for Wallace, Rush, Schmidt, Inc.**