**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WALLACE, RUSH, SCHMIDT, INC., | CASE NO. 17-10698 |
| DEBTOR | SECTION "A" |

### *EX PARTE* MOTION FOR LEAVE TO FILE
### AMENDED RESPONSE TO DEBTOR'S MOTION TO REOPEN CASE

**NOW INTO COURT**, through undersigned counsel, come Jennifer Guidry Chauvin, individually and as the administrator of the estate of S.C. and as Tutrix of J.M.C. and J.L.C.; Princess Sherrod on behalf of Minor Child, A.S.; David Jones; Nicholas and Rebekah Saale, individually and on behalf of their Minor Child, C.S.; Sulma Almendarez-Rivas; Jenyfer Espinal Almendare, individually and on behalf of L.E.A.; Emiliano Acosta, individually and on behalf of E.A.; Keyla Gonzalez; Mariela Bardales; Kenia Gonzalez; Glenny Berroa; Fatima Berroa; Daniella Maciel De Souza, on behalf of her minor child, V.M.K.; and, Marcus Tate and Christina Tate, individually and on behalf of the minor children, M.T., A.T., and M.J. (collectively, the "Kristina Plaintiffs"), who, pursuant to Fed. R. Civ. P. 15(a)(2), seek to remedy the *deficiency* [Doc.557] noticed by the Court on December 13, 2022 and hereby request leave to maintain or re-file *Kristina Plaintiffs' Amended Response to Debtor's Motion to Re-open Chapter 11 Case to Enforce Plan Provisions* [Doc. 554] ("Amended Response")[1], and respectfully represent as follows:

1.

On July 14, 2022, the above-captioned debtor ("Debtor") filed a *Motion to Reopen Chapter 11 Case to Enforce Plan Provisions* [Doc. 540] ("Motion to Reopen"), to which the Kristina's

---

[1] The *Amended Response* is attached hereto as **Exhibit A.**

Plaintiffs originally objected [Doc. 548] ("Objection"). Following an August 17, 2022 hearing on the *Motion to Reopen* and the *Objection,* this Court entered an *Order* [Doc. 551] taking the matter under advisement.

2.

On September 19, 2022, the Debtor filed a supplemental pleading [Doc. 553] ("Debtor's Supplement") in connection with its *Motion to Reopen*. In response to the *Debtor's Supplement*, the Kristina Plaintiffs conducted additional investigation of the Debtor's deposits into the Reserve Fund ("Plan Payments") and discovered a significant deficiency between the Plan Payments[2] made and the amounts required to be deposited into the Reserve Fund by the Debtor pursuant to its confirmed Plan[3]. Specifically, Kristina Plaintiffs requested that the Debtor provide them with the income statements that Kristina Plaintiffs were entitled to receive (but had not received) quarterly, pursuant to the Plan and the *Stipulation* entered in this case on June 14, 2019 [Doc. 526]. Through counsel, WRS provided certain income statements ("Income Statements") to Kristina Plaintiffs on October 31, 2022. *See Income Statements*, attached hereto as **Exhibit B** *in globo*.

3.

Upon receipt of the Income Statements, Kristina Plaintiffs calculated the quarterly deposits, which were required to be made by WRS under the Plan ("Quarterly Plan Payments"), utilizing the *detailed guidelines* set forth in Section 4.5 of the Plan. After completing such calculations, Kristina Plaintiffs discovered that, for Plan Payments due through the fourth quarter of 2021 (no

---

[2] The Plan Payments are comprised of minimum monthly deposits of $4,000 plus supplemental quarterly deposits based upon the Debtor's income for the associated quarter. *See* Section 4.5 of the Plan.

[3] On September 13, 2018, the Bankruptcy Court entered an order [Doc. 438] confirming The Third Amended Plan of Reorganization [Doc. 359] for the Debtor, as modified on August 30, 2018 pursuant to Immaterial Modifications to the Plan [Doc. 417] and Modifications to the Plan submitted by the Debtor at the direction of the Court [Doc. 433] following hearing on confirmation (collectively the "Modifications") (the Third Amended Plan of Reorganization and the Modifications are referred to as "the Plan").

income statements were provided by WRS to Kristina Plaintiffs for any period following October 31, 2021), the Reserve Fund was missing *at least* $317,266.85[4] (the "Reserve Fund Deficiency"). *See* Reserve Fund Reconciliation, attached hereto as **Exhibit C.**

4.

Although the Plan specifically requires Quarterly Payments to be based upon WRS' income, *as such income is calculated for Line 11 of the IRS Tax Return, Form 1120*[5], it appears, from an analysis of the Income Statements, that income has been improperly calculated by WRS[6] and such continuous errors have resulted in the Reserve Fund Deficiency.

5.

Based on the Reserve Fund Deficiency findings, Kristina Plaintiffs have reassessed their original objection to the *Motion to Reopen* and have determined that it is in fact necessary to reopen the Debtor's chapter 11 case to address the Debtor's default under the Plan and other related matters as set forth more fully in the Kristina Plaintiffs' *Amended Response*. Accordingly, Kristina Plaintiffs respectfully request leave of Court to maintain or refile the *Amended Response*.

---

[4] In calculating the income component of the Plan Payments, Kristina Plaintiffs recognized only those expenses permitted under the Plan, *i.e.*, only expenses applicable to an income calculation for Line 11 of IRS Form 1120 were included in Kristina Plaintiffs' income calculations for Quarterly Payments.

[5] "[Q]uarterly, Debtor shall pay into the Reserve Fund an amount equal to 30% of Line 11 of the IRS Tax Return, Form 1120 *to the same extent as Line 11 has been calculated for the Tax Years 2015 and 2016*. This quarterly Reserve Fund payment will be calculated and deposited and an Accounting will be provided to Counsel for the Class 6 Unliquidated, Contingent Claims on the payments to the Reserve Fund; however, this amount shall take into consideration and deduct the $4,000.00 per month contribution to the Reserve Fund already deposited by Debtor". *Plan* §4.5 (emphasis added). For reference, a copy of the Line 11 calculation of IRS Tax Return Form 1120, filed by WRS for the 2015 tax year is attached hereto as **Exhibit D.**

[6] The Income Statements indicate that, in calculating its income for the Quarterly Payments, WRS has reduced its income by expenses which should not be included in the Line 11 income calculation, *i.e.*, in a manner inconsistent with the Line 11 calculation for the tax years 2015 and 2016 as required under Plan §4.5.

**WHEREFORE**, Kristina Plaintiffs respectfully request that this Court enter an order granting leave to maintain or refile their *Amended Response* and granting any such further and additional relief which this Court deems appropriate.

Respectfully submitted,

**THE STEFFES FIRM, LLC**

/s/ Barbara B. Parsons
Barbara B. Parsons (#28714)
13702 Coursey Blvd., Building 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 341-1241
E-mail: bparsons@steffeslaw.com

*Bankruptcy Counsel for Kristina Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WALLACE, RUSH, SCHMIDT, INC. | CASE NO. 17-10698 |
| DEBTOR | SECTION "B" |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Ex Parte Motion for Leave* has been served via Email through this Court's CM/ECF Electronic Notification System to the following parties:

Christy R. Bergeron on behalf of Creditor Paychex Advance, LLC CBergeron@RLLaw.com
Miriam Brooks on behalf of Interested Party Miriam Remer Georges-Pierre, PLLC mbrooks@rgpattorneys.com
Richard Theodore Haik, Jr. on behalf of Creditor Nicholas Saale richardh@mmrblaw.com
Kenneth H. Hooks, III on behalf of Interested Party Princess Sherrod kenny@dodsonhooks.com
Mary S. Langston on behalf of U.S. Trustee Office of the U.S. Trustee Mary.Langston@usdoj.gov
Andrew A. Lemmon on behalf of Interested Parties Adriane Gaines and Toni Ingram andrew@lemmonlawfirm.com
Christopher McCall on behalf of Movant Daniella Maciel DeSouza cmccall@baggettmccall.com
Edward Lee Moreno on behalf of Interested Party Emiliano Acosta emoreno@redmannlaw.com
H. Edward Sherman on behalf of Creditor Jennifer Guidry Chauvin nolaatty4u@gmail.com
Matthew Paul Skrabanek on behalf of Interested Party David Jones paul@psbfirm.com
Dwazendra J. Smith on behalf of Interested Party Marcus Tate dwa@doranlawfirm.com
Office of the U.S. Trustee USTPRegion05.NR.ECF@usdoj.gov
David Vicknair on behalf of Creditor De'Marcus Thomas david@svhclaw.com
Phillip K. Wallace on behalf of Debtor Wallace, Rush, Schmidt, Inc. PhilKWall@aol.com

Baton Rouge, Louisiana, this 14th day of December, 2022.

/s/ Samantha J. Chassaing
Samantha J. Chassaing