**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WALLACE, RUSH, SCHMIDT, INC., | CASE NO. 17-10698 |
| DEBTOR | SECTION "A" |

**DECLARATION OF KENNETH H. HOOKS, III**
**IN SUPPORT OF CLAIMANTS' JOINT MOTION TO REOPEN CHAPTER 11 CASE**

1. I am a partner in the law firm of Dodson & Hooks, LLC. My firm serves as Counsel for multiple plaintiffs in the State Court Actions[1]. These actions stem from a deadly bus crash, which occurred on August 28, 2016, and involved multiple fatalities and injuries ("Accident"). The State Court Actions include approximately 20 lawsuits filed by various Claimants against WRS and other defendants in connection with the Accident. Claimants ultimately consolidated the State Court Actions to facilitate the efficient prosecution of the Claims asserted therein. Counsel for all Claimants have provided me with authority to make the following representations on their behalf and on their client's behalf. I, therefore, submit this Declaration in support of the *Joint Motion of Class 6 Claimants to Reopen Chapter 11 Case* ("Claimants' Motion to Reopen"). I have personal knowledge of the matters set forth herein.

2. With respect to the Chapter 11 Case, neither my firm nor my client received notice of the claims bar date or the initial chapter 11 plan filings. After independently becoming aware of such deadline and filings, my firm, along with other counsel for Claimants retained bankruptcy counsel to seek allowance of the Claims in the Chapter 11 Case and acceptable treatment for such Claims under a chapter 11 plan. After several months of costly litigation in

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings ascribed to them in *Claimants' Motion to Reopen*.

1

the Chapter 11 Case, the Debtor finally agreed to negotiate terms for agreed plan treatment of the Claims, and such terms are set forth in Section 4.5 of the confirmed Plan. Included in those terms was the establishment of the Reserve Fund, a bank account on which I and a Debtor representative are joint signatories.

3. Prior to entry of the final decree in the Chapter 11 Case, Claimants agreed to consolidate the State Court Actions and have their Claims tried together in state court. Consolidation of the State Court Actions was a lengthy process due to, among other things:

- Multiple cases being filed in different parishes. To consolidate the cases, a motion had to be filed in each case and approved by the sitting judge after which the case was transferred to the first filed court which then had to accept the consolidation.

- Onset of the COVID-19 pandemic which closed the court system. Once the courts reopened, all prior hearings were forced to be rescheduled for later dates, along with all other matters that were scheduled prior to the filing of the then pending consolidation matters.

- The chapter 7 filing in February of 2021 by Kristina's Bus Transportation, LLC ("Kristina's) and resulting stay of prosecution of the Claims against Kristina's, the owner of the bus involved in the Accident and a key defendant in the State Court Actions.

4. Despite the foregoing delays affecting consolidation and prosecution of the State Court Actions, Claimants were able to reach settlement agreements with multiple parties, including National General Insurance Co., Liberty Mutual, Ohio Insurance Co., Kristina's Chapter 7 Trustee and, through the Global Settlement Agreement, WRS (partial settlement) and WRS' insurer.

5. After initial settlements were reached, all Claimants agreed to arbitrate how

2

funds obtained in settlement would be divided between themselves.

6. Like other settlement agreements entered into in the State Court Actions, execution of the Global Settlement Agreement by (or on behalf of) all Claimants took several months, as court approvals thereof were required for all minor Claimants. Once the Global Settlement Agreement was fully executed and WRS' insurer was dismissed from the State Court Actions, WRS ceased all deposits into the Reserve Fund and filed a motion to reopen the Chapter 11 Case to obtain, for itself, the Reserve Fund deposits. During the time WRS' *Motion to Reopen* was pending, I, on behalf of all Claimants, made written demand upon WRS (through bankruptcy counsel) to resume the Reserve Fund deposits and provide an accounting for WRS' prior Reserve Fund deposits. Following such demand, I received only a *limited* accounting of the deposits from WRS' counsel; and, to my knowledge, WRS has never resumed deposits into the Reserve Fund.

7. In addition to the aforementioned settlements, Claimants reached an agreement with all defendants in the State Court Actions for terms and deadlines to include in a proposed case management order, which order was finalized on April 13, 2023. However, on April 18, 2023, WRS removed the State Court Actions to the MDLA Court before the case management order could be fully executed and submitted to the presiding state court judge. Claimants filed their *Motion to Remand* in the MDLA Court and, as of the date of this Declaration, that motion remains pending.

8. Claimants represent all holders of Class 6 Claims under the confirmed Plan. Given the various delays incurred and the current stall in the prosecution of the State Court Actions, all Claimants have agreed to delay the default Distribution Date provided under the Plan until final judgment is rendered fully resolving WRS' liability for the Claims.

9. Based on my experience practicing before Division 21 of the 19th JDC, Parish of East Baton Rouge, State of Louisiana, discovery, motions and pleadings in the State Court Actions will be resolved in approximately two years and trial of this matter will occur approximately one year from the date discovery is concluded.[2]

I declare, under penalty of perjury, that the foregoing facts are true and correct to the best of my knowledge and belief.

Executed on September 6, 2023.

*/s/ Kenneth H. Hooks, III*
Kenneth H. Hooks, III

---

[2] Examples include (i) a Motion to Amend Petition, which was filed in an unrelated matter on June 16, 2023 and set for hearing on October 2, 2023 (see **Exhibit 1** hereto); and, (ii) in the State Court Actions, *Defendant's D&A Enterprises, Inc., d/b/a/ ServPro of Fort Collins Peremptory Exceptions of No Cause of Action*, filed on December 2, 2022 with a Judgment being entered June 14, 2023 (See **Exhibit 2** hereto).

# EXHIBIT 1



**19TH JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**
**300 NORTH BLVD**
**BATON ROUGE, LA 70801**

6TH DAY OF JULY, 2023

TO: KENNETH H HOOKS
DODSON & HOOKS
112 FOUNDERS DRIVE
BATON ROUGE, LA 70810

MARILEE CASH ETAL VS LA ST GRP BENEFITS ETAL

CASE NUMBER: C-638759

JUDGE: HON RONALD R. JOHNSON

DIVISION: 21 ROOM: 8A

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE AFOREMENTIONED CASE ON 10/02/2023 AT 09:30 AM FOR MOTION.

COMMENTS: MOTION TO AMEND PETITION

DEPUTY CLERK FOR DOUG WELBORN

**\*\*FOR STATUS CONFERENCES – SEE THE JUDGE'S INDIVIDUAL PAGE AT
WWW.19THJDC.ORG FOR FURTHER INSTRUCTIONS AND FORMS.\*\***

NOTIFIED:
JOSEPH ARTHUR SMITH III
KENNETH H HOOKS
MICHAEL A COLOMB
MICHAEL R.D. ADAMS
RICHARD JERRY DODSON
WINSTON GERARD DECUIR SR

2157 NOTICE OF HEARING 19TH

**EXHIBIT 2**



19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
300 NORTH BLVD
BATON ROUGE, LA 70801

**26TH DAY OF JUNE, 2023**

TO: KENNETH H HOOKS
DODSON & HOOKS
112 FOUNDERS DRIVE
BATON ROUGE, LA 70810

RODERICK SHERROD, ET AL VS KRISTINAS TRANSPORTATION, LLC ET AL

**CASE NUMBER:** C-651661

**JUDGE:** HON RONALD R. JOHNSON

**DIVISION:** 21

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE

AFOREMENTIONED CASE: ENCLOSED YOU WILL FIND A COPY OF A JUDGMENT SIGNED ON JUNE 14, 2023 BY JUDGE RONALD JOHNSON

*Naomi Montgomery*

DEPUTY CLERK FOR DOUG WELBORN

NOTIFIED:

ANDREW M MAESTRI
BARRY JOSEPH LANDRY
BLAKE W. BOURGEOUIS
BRADLEY J. LUMINAIS JR
BRENT P. FREDERICK
C. SHANNON HARDY
CARLOS ZELAYA II
CHARLES L CHASSAIGNAC IV
CHRISTOPHER C MCCALL
DAVID B. BELK
DEBRA J FISCHMAN
DORAN L. DRUMMOND
DWAZENDRA J. SMITH
EDWARD LEE MORENO
FRANKLIN "DREW" HOFFMAN
HENRY P MOUNGER
HOWARD LOUIS MURPHY
JAMES L PATE
JAMES MICHAEL GARNER
JARED A MOURADIAN
JESSE LEE WIMBERLY III
JIMMY R FAIRCLOTH JR
JOHN WAYNE MUMPHREY
JOHN WILLIAM REDMANN
JOSE R RUIZ

JOSHUA L RUBENSTEIN
KELLY S RIZZO
KENNETH H HOOKS III
KILBURN S LANDRY
LAMBERT HASSINGER JR
M PAUL SKRABANEK
MICHAEL J REMONDET JR
MUSA RAHMAN
PHILLIP K WALLACE
PRIDE J DORAN
RANDAL LEROY GAINES
RICHARD T HAIK JR
ROBERT J DAVID JR
SLOAN L ABERNATHY
TED P SORRELLS
TROY A BROUSSARD
WILLIAM FRANCIS BOLOGNA

EAST BATON ROUGE PARISH
Filed Jun 14, 2023 3:25 PM
Deputy Clerk of Court
C-651661
21

| | | |
|---|---|---|
| RODERICK SHERROD | * | SUIT NO. 651661 SECTION D |
| on behalf of the minor AS | | (lead case) |
| | * | 19th JUDICIAL DISTRICT COURT |
| VS. | | |
| | * | PARISH OF EAST BATON ROUGE |
| KRISTINA'S TRANSPORTATION, LLC, WALLACE, RUSH, SCHMIDT, INC., ET AL | * | STATE OF LOUISIANA |

## JUDGMENT

On Monday, March 20, 2023, *Defendant's, D&A Enterprises, Inc., d/b/a ServPro of Fort Collins, Peremptory Exceptions of No Cause of Action* filed on December 2, 2022, came before this Honorable Court for hearing.

PRESENT in court on behalf of all consolidated Plaintiffs were Kenneth Hooks, III and Barry Landry; and

On behalf of defendant, D&A Enterprises, Inc., d/b/a ServPro Fort Collins was Troy Broussard.

After hearing, the Court ordered supplemental briefing by both parties. After considering the supplemental briefings and the original pleadings before this Court, as well as the oral arguments offered by counsel,

IT IS ORDERED that *Defendant's, D&A Enterprises, Inc., d/b/a ServPro of Fort Collins, Peremptory Exceptions of No Cause of Action* are DENIED.

SIGNED in Baton Rouge, Louisiana, this 14th day of June, 2023.

HONORABLE RONALD JOHNSON
19TH JUDICIAL DISTRICT COURT

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF THE WRITTEN REASONS FOR JUDGMENT / JUDGMENT / ORDER / COMMISSIONER'S RECOMMENDATION WAS MAILED BY ME WITH SUFFICIENT POSTAGE AFFIXED.
SEE ATTACHED LETTER FOR LIST OF RECIPIENTS.

DONE AND MAILED ON June 27, 2023

DEPUTY CLERK OF COURT