**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**RODERICK SHERROD,**          **CASE NO. 3:23-cv-00291 JWD-EWD**
**JENNIFER GUIDRY CHAUVIN,**
**INDIVIDUALLY AND AS THE**
**ADMINISTRATOR OF THE ESTATE OF**
**SPENCER CHAUVIN AND AS TUTRIX OF**
**MINORS; PRINCESS SHERROD ON BEHALF**
**OF MINOR CHILD, S. DAVID JONES;**
**NICHOLAS AND REBEKAH SAALE,**
**INDIVIDUALLY AND ON BEHALF OF**
**THEIR MINOR CHILD; C.S. SULMA**
**ALMENDAREZ-RIVAS; JENYFER ESPINAL**
**ALMENDAREZ, INDIVIDUALLY AND ON BEHALF**
**OF L.E.A.; EMILIANO ACOSTA, INDIVIDUALLY**
**AND ON BEHALF OF E.A.; KEYLA GONZALEZ;**
**MARIELA BARDALES; KENIA GONZALEZ;**
**GLENNY BERROA; FATIMA BERROA;**
**DANIELLA MACIEL DE SOUZA, ON BEHALF OF HER MINOR CHILD,**
**V.M.K.; AND, MARCUS TATE AND CHRISTINA TATE,**
**INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILDREN,**
**M.T., A.T., AND M.J**
    *Plaintiff*s

    **VS.**

**KRISTINA'S TRANSPORTATION, LLC,**
**WALLACE, RUSH, SCHMIDT, INC., NATIONAL**
**LIABILITY & FIRE INSURANCE CO., NATIONAL**
**GENERAL INSURANCE CO., & ABC INSURANCE CO.**
    *Defendant*s

### DEFENDANT WALLACE, RUSH, SCHMIDT, INC.'S
### <u>MOTION TO TRANSFER VENUE</u>

### I.

Defendant, Wallace, Rush, Schmidt, Inc. respectively submits this Motion to Transfer

Venue of Case No. 3:23-cv-00291 JWD-EWD entitled Roderick Sherrod, Jennifer Guidry

Chauvin, Individually and as the Administrator of the Estate of Spencer Chauvin and as Tutrix of

Minors; Princess Sherrod on Behalf of Minor Child, S. David Jones; Nicholas and Rebekah Saale, Individually and on Behalf of Their Minor Child; C.S. Sulma Almendarez-Rivas; Jenyfer Espinal Almendarez, Individually and on Behalf of L.E.A.; Emiliano Acosta, Individually and on Behalf of E.A.; Keyla Gonzalez; Mariela Bardales; Kenia Gonzalez; Glenny Berroa; Fatima Berroa; Daniella Maciel De Souza, on Behalf of Her Minor Child, V.M.K.; and, Marcus Tate and Christina Tate, Individually and on Behalf of the Minor Children, M.T., A.T., and M.J, (sometimes hereinafter "Plaintiffs') vs. Kristina's Transportation, LLC, Wallace, Rush, Schmidt, Inc., National Liability & Fire Insurance Co., National General Insurance Co., & ABC Insurance Co.; (sometimes hereinafter "Defendants") United States District Court, Middle District of Louisiana (Formerly 19th JDC State Court, Case NO.651661 c/w 652681,654298,652346, 652503, 653062, 654590, 655062, 660857, 656236, 656236, 660924, 659868, 697102, 697384, 696894, 700524, 697224, 71137); Parish of East Baton Rouge, State of Louisiana to the United States District Court, Eastern District of Louisiana in New Orleans.

As set forth in Defendant's Memorandum in Support of Motion to Transfer Venue submitted herewith, venue should be transferred to the Eastern District of Louisiana pursuant to *28 U.S.C. §§ § 1391 (b)(2), 1404(a) and 1406 (a)*.

Dated: May 2, 2023

Respectfully submitted:

/s/ Phillip K. Wallace
**PHILLIP K. WALLACE (#13198)**
4040 Florida Street, Suite 203
Mandeville, Louisiana 70448
Telephone: (985) 624-2824
Facsimile: (985) 624-2823
Email: PhilKWall@aol.com
**Attorney for Defendant**
**Wallace, Rush, Schmidt, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2023, I electronically filed the foregoing Defendant's Motion to Transfer Venue and Memorandum in Support with the Clerk of Court with the United States District Court for the Middle District of Louisiana using the CM/EFC system, which will send a Notice of Electronic Filing to counsel of record and all parties entitled to receive service. Counsel of Record not registered with the CM/ECF system were served via other means.

Mandeville, Louisiana this 2nd, day of May, 2023.

/s/ Phillip K. Wallace
**PHILLIP K. WALLACE (#13198)**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**RODERICK SHERROD,**          **CASE NO. 3:23-cv-00291 JWD-EWD**
**JENNIFER GUIDRY CHAUVIN,**
**INDIVIDUALLY AND AS THE**
**ADMINISTRATOR OF THE ESTATE OF**
**SPENCER CHAUVIN AND AS TUTRIX OF**
**MINORS; PRINCESS SHERROD ON BEHALF**
**OF MINOR CHILD, S. DAVID JONES;**
**NICHOLAS AND REBEKAH SAALE,**
**INDIVIDUALLY AND ON BEHALF OF**
**THEIR MINOR CHILD; C.S. SULMA**
**ALMENDAREZ-RIVAS; JENYFER ESPINAL**
**ALMENDAREZ, INDIVIDUALLY AND ON BEHALF**
**OF L.E.A.; EMILIANO ACOSTA, INDIVIDUALLY**
**AND ON BEHALF OF E.A.; KEYLA GONZALEZ;**
**MARIELA BARDALES; KENIA GONZALEZ;**
**GLENNY BERROA; FATIMA BERROA;**
**DANIELLA MACIEL DE SOUZA, ON BEHALF OF HER MINOR CHILD,**
**V.M.K.; AND, MARCUS TATE AND CHRISTINA TATE,**
**INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILDREN,**
**M.T., A.T., AND M.J**
    *Plaintiff*s

    **VS.**

**KRISTINA'S TRANSPORTATION, LLC,**
**WALLACE, RUSH, SCHMIDT, INC., NATIONAL**
**LIABILITY & FIRE INSURANCE CO., NATIONAL**
**GENERAL INSURANCE CO., & ABC INSURANCE CO.**

    *Defendants*

## DEFENDANT, WALLACE, RUSH, SCHMIDT, INC.'S
## MEMORANDUM IN SUPPORT OF
## <u>MOTION TO TRANSFER VENUE</u>

## DEFENDANT'S
## MEMORANDUM IN SUPPORT OF
## <u>MOTION TO TRANSFER VENUE</u>

Defendant, Wallace, Rush, Schmidt, Inc. respectively submits this Memorandum in Support of its Motion to Transfer Venue of Case No. 3:23-cv-00291 JWD-EWD entitled Roderick Sherrod, Jennifer Guidry Chauvin, Individually and as the Administrator of the Estate of Spencer Chauvin and as Tutrix of Minors; Princess Sherrod on Behalf of Minor Child, S. David Jones; Nicholas and Rebekah Saale, Individually and on Behalf of Their Minor Child; C.S.; Sulma Almendarez-Rivas; Jenyfer Espinal Almendarez, Individually and on Behalf of L.E.A.; Emiliano Acosta, Individually and on Behalf of E.A.; Keyla Gonzalez; Mariela Bardales; Kenia Gonzalez; Glenny Berroa; Fatima Berroa; Daniella Maciel De Souza, on Behalf of Her Minor Child, V.M.K.; and, Marcus Tate and Christina Tate, Individually and on Behalf of the Minor Children, M.T., A.T., and M.J, (sometimes hereinafter "Plaintiffs') vs. Kristina's Transportation, LLC, Wallace, Rush, Schmidt, Inc., National Liability & Fire Insurance Co., National General Insurance Co., & ABC Insurance Co.; (sometimes hereinafter "Defendants") United States District Court, Middle District of Louisiana (Formerly 19th JDC State Court, Case NO.651661 c/w 652681,654298,652346, 652503, 653062, 654590, 655062, 660857, 656236, 656236, 660924, 659868, 697102, 697384, 696894, 700524, 697224, 71137); Parish of East Baton Rouge, State of Louisiana to the United States District Court, Eastern District of Louisiana in New Orleans.

### I.

### <u>FACTUAL & PROCEDURAL HISTORY</u>

Defendant, Wallace, Rush, Schmidt, Inc. (sometimes hereinafter "WRS") has been involved in litigation with the Plaintiffs named herein for numerous years over a Motor Vehicle Accident in

which several individuals were killed and injured. As a result of this incident and the ensuing litigation a Chapter 11 Bankruptcy proceeding was filed in the United States Bankruptcy Court for the Eastern District of Louisiana, Case No. 17-10698.

A Plan of Reorganization was confirmed before the Bankruptcy Court of New Orleans on or about September 13, 2018 wherein WRS agreed to pay the Plaintiffs an amount of $2.5 Million Dollars over the life of the Plan. However, the Insurance Carrier for WRS provided coverage and paid the Plaintiffs an amount of $3 Million Dollars which was over and beyond that which was contemplated by the Chapter 11 Bankruptcy Plan of WRS. The Plan of Reorganization which was confirmed on or about September 13, 2018 in Case No. 17-10698 has been ongoing and provided for an additional provision that money would be set aside for payment of the Plaintiffs in case the Insurance coverage was insufficient in accordance with the maximum of $2.5 Million Dollars contemplated by the Plaintiffs and described in the Plan of Reorganization.

Defendant went before the United States Bankruptcy Court in New Orleans, on or about July 14, 2022 with its Motion to Re Open its Chapter 11 Case to Enforce Plan Provisions for reconsideration for the Plan itself, in an effort to be paid out of the escrowed funds an approximate amount of $535,000.00 to the Debtor, WRS since the $3 Million Dollars had been paid by the Insurance Carrier of WRS.

A dispute occurred concerning the Escrowed Funds in the Chapter 11 Bankruptcy Case in the approximate amount of $535,000.00 and the U.S. Bankruptcy Court denied re-opening the case inasmuch as it had been in existence for a period of approximately four years with about one year remaining on the Plan itself. This decision by the U.S. Bankruptcy Court to deny reopening the Chapter 11 Case to pay out the Escrowed Funds was Appealed to the United States District Court,

for the Eastern District of Louisiana on or about January 13, 2023 as Civil Action No. 2:23-cv-00196 GGG-MBN and is pending before the U.S. District Judge Greg Gerard Guidry.

It is from these circumstances that the matter in dispute and filed by the Plaintiffs in the 19th Judicial District Court, East Baton Rouge, Louisiana and removed to the United States District Court for the Middle District of Louisiana comes into play.

As such, since the matter is presently before the United States District Court for the Eastern District of Louisiana, Case No. 2:23-cv-00196 GGG-MBN, it is necessary to transfer this case before the United States District Court for the Middle District of Louisiana to the United States District Court for the Eastern District of Louisiana.

Defendant seeks to have this matter transferred inasmuch as the decision for sanctions by the Bankruptcy Court has been cited and denied and the Denial of the re-opening has been Appealed to the U.S. District Court for the Eastern District of Louisiana in New Orleans and as such, the matter should be consolidated before the U.S. District Court in New Orleans.

## **ARGUMENT**

### **II.**

**1.     This Court Should Transfer Venue Because This Action Was Removed to a Court of Improper Venue under 28 U.S.C. § 1391(b).**

This action was removed to an improper venue. Under subsection (b)(2) of the General Venue Statute, 28 U.S.C. § 1391 (2):

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in

(2)     a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of

the property that is the subject of the action is situated, or . .

-4-

28 U.S.C. § 1391(b)(2). When an action is brought in an improper venue, the District Court should dismiss the complaint or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The District Court is also authorized to transfer a proceeding to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claims.

The Chapter 11 Bankruptcy Case of WRS was litigated and confirmed in the Eastern District of Louisiana (Case No. 17-10698). There is ongoing litigation in the U.S. District Court for the Eastern District of Louisiana involving WRS and its Chapter 11 Plan provisions in Case No. 17-10698. Therefore, a substantial part of the events giving rise to the claims of WRS occurred in the Eastern District of Louisiana.

Moreover, a "substantial part of the events giving rise" to the handling of Plaintiffs' claims occurred in New Orleans, and few or none occurred in Baton Rouge. Defendants engaged in their policymaking, enforcement, and compliance activities in New Orleans and nowhere else. Indeed, the specific alleged failures cited by Plaintiffs all took place in New Orleans, where all relevant decisions were made.

### 2. This Court Should Transfer This Action To the Eastern District of Louisiana Pursuant to 28 U.S.C. § 1404(a).

Even if venue were proper in the Middle District of Louisiana, the Court should transfer this case to the Eastern District of Louisiana, which is the District Court serving New Orleans. New Orleans is more convenient for the Defendants and witnesses to Defendants' relevant acts or omissions, including the Plan of Reorganization issues and the Appeal ongoing. In addition, a transfer would comport with the longstanding practice.

Under 28 U.S.C. § 1404 (a), "[f]or the convenience of parties and witness, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of a transfer on grounds of *forum non conveniens* grounds "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense …" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations omitted).

The threshold inquiry under 28 U.S.C. § 1404(a) is whether the alternative venue is one in which the action could originally have been brought. Here, there is no question that the case "might have been brought" by Plaintiffs in the United States District Court for the Eastern District of Louisiana. As discussed above, the Complaint could have been brought in the Eastern District of Louisiana because WRS resides in New Orleans and because a "substantial part of the events or omissions giving rise" to Plaintiffs' claims occurred in New Orleans. 28 U.S.C. § 1391(b).

Given that this action could have been brought in the Eastern District of Louisiana, the only question is whether, on balance, the convenience of the parties and witnesses and the interest of justice weigh in favor of transfer. The U.S. Fifth Circuit has adopted a non-exhaustive set of private and public factors to guide this determination. In re *Volkswagen AG*, 371 F.3d 201, 203; see also In re *Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. (internal citations omitted). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of

the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id.

An application of these factors to the transfer of this matter to the District Court for the Eastern District of Louisiana demonstrates that there is good cause for this transfer. The first private interest factor, the "relative ease of access to sources of proof," weighs heavily toward transfer. Plaintiffs seek to enjoin the alleged central failures by Defendant in carrying out the administration of its duties, under the Plan. Since Defendants acts and omissions as state actors and entities will be at issue, proof will come from those with whom Defendants have worked in New Orleans and documents originating in New Orleans.

The fourth factor, a consideration of any "practical problems," also favors transfer, as the Defendants and the witnesses are located in New Orleans.

The relevant public interest factor – namely, the "local interest" – also strongly supports transfer to the Eastern District of Louisiana. A transfer of venue to the District Court for the Eastern District of Louisiana comports with the standards set forth by the Fifth Circuit, see, e.g., id., and the longstanding practice of the state of Louisiana.

**3.      In addition , 28 U.S.C. §1441(a) Provides for the Removal of Civil Action**

(1)      The U. S. Bankruptcy Court for the Eastern District of Louisiana entered an Order Confirming WRS's Third Amended Plan of Reorganization with modifications on September 13, 2018. The Court also entered an Order approving the Finding of Facts, Conclusions of Law in Support of Order Confirming Third Amended Plan of Reorganization as Immaterially Modified. All Kristina Transportation Claimants were treated in Class 6

Unliquidated, Contingent Claims in WRS's Plan and were provided for prior to any Insurance Settlement being negotiated.

(2)     WRS filed a Motion to Reopen its Chapter 11 Case in the U.S. Bankruptcy Court, Eastern District of Louisiana to address the Settlement of all Class 6 Claims. The U.S. Bankruptcy Court denied WRS's Motion to Reopen its Chapter 11 Case and denied any sanctions against WRS and its Attorney.

(3)     As to the treatment of Class 6 Claimants, the Second Plan Modification and the Third Plan Modification are identical. The Third Plan Modification classified the Claimants in Class 6 in the Plan and provided that any judgment or settlement of the Claimants' claims "shall be covered and paid by [the Debtor's] insurers," adding that "***Debtor shall pay only any excess of a final judgment or settlement amount obtained during the life of the plan that is not covered by Debtor's insurance carriers . . . ." [ECF Doc. 433, at 1–2].***   The Third Plan Modification also established a "Reserve Fund" for the benefit of Class 6 Claimants to provide recovery over and above insurance proceeds as listed below:

> ***The Reserve Fund will have a cap and limit of $2.5 Million dollars, to be paid should any Judgment(s) be entered into the record assigning liability to Debtor or settlement agreement(s) to be entered into by the Debtor during the life of the Plan.***
>
> **If any funds remain in the Reserve Account, at the end of the five-year Plan period and after payment to all Class 6 Claimants who receive a final Judgment or enter into settlement agreement with the Debtor as**

**provided for herein, any such remaining funds shall be the property of the Reorganized Debtor, Wallace, Rush, Schmidt, Inc.**

***If and only if any excess Judgment of Liability against the Debtor above and beyond insurance coverage is rendered by the Federal or State Court proceedings or a settlement agreement has been entered into with the Debtor during the life of the Plan, such amount shall be paid by the Debtor pro-rata from the Reserve Fund as described hereinabove to Class 6 Claimants. If and only if any excess Judgment of Liability against the Debtor above and beyond insurance coverage is rendered by the Federal or State Court proceedings or a settlement agreement has been entered into with the Debtor during the life of the Plan, such amount shall be paid by the Debtor pro-rata from the Reserve Fund as described hereinabove to Class 6 Claimants.***

(4)     The Estate of Wallace, Rush, Schmidt, Inc.'s Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324 in the approximate amount of $535,129.70 were initiated prior to any Insurance Settlement effected. ***The Reserve Account was not initiated to Supplement any insurance coverage to the Kristina Plaintiffs, but only for payment by Debtor in the event of no Settlement,*** or inadequate settlement in an amount less than 2.5 Million Dollars.

(5)     As of this writing there is no Judgment of Liability against Debtor, Wallace, Rush, Schmidt, Inc. in any of the above listed cases in this matter.

-9-

(6)     Currently there is an appeal on WRS's motion to Reopen the Chapter 11 Case pending

before the U.S. District Court ED of Louisiana as Case No. Case No. 2:23-cv-00196; GGG-

MBN; Doc. 1 filed on 1/13/2023.

(7)     Debtor's Insurance Carrier National Union Fire Insurance Company of Pittsburgh,

PA paid the Kristina Claimants in the amount of Three Million ($3,000,000.00) Dollars, over

and above for the amount agreed upon in the Settlement negotiations at Counsel Kenny

Hooks Office in Baton Rouge on September 5, 2018.

## CONCLUSION

## III.

For the foregoing reasons, Defendant, Wallace, Rush, Schmidt, Inc. requests that the

Court grant its Motion to Transfer venue to the United States District Court for the Eastern

District of Louisiana.


Dated: May 2, 2023


                              Respectfully submitted:

                              /s/ Phillip K. Wallace
                              **PHILLIP K. WALLACE (#13198)**
                              4040 Florida Street, Suite 203
                              Mandeville, Louisiana 70448
                              Telephone: (985) 624-2824
                              Facsimile: (985) 624-2823
                              Email: PhilKWall@aol.com
                              **Attorney for Appellant,**
                              **Wallace, Rush, Schmidt, Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 2, 2023, I electronically filed the foregoing Defendant's Motion to Transfer Venue and Memorandum in Support with the Clerk of Court with the United States District Court for the Middle District of Louisiana using the CM/EFC system, which will send a Notice of Electronic Filing to counsel of record and all parties entitled to receive service.  Counsel of Record not registered with the CM/ECF system were served via other means.

/s/ Phillip K. Wallace
**PHILLIP K. WALLACE (#13198)**