**EXHIBIT C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
2018 AUG 23 P 3:17 ·10698

IN RE: WALLACE, RUSH,
SCHMIDT, INC.

CIVIL ACTION

NO: 18-6851

SECTION: "S" (3)

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Wallace, Rush, Schmidt, Inc.'s Motion for Order Withdrawing the Reference for Contingent, Unliquidated Personal Injury and Wrongful Death Claims (Doc. #1) is **DENIED**.

On March 24, 2017, Wallace, Rush, Schmidt, Inc. ("WRS") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Louisiana. Several claimants filed claims in WRS's bankruptcy proceeding for damages resulting from a motor vehicle accident (collectively "tort claimants"). Upon the tort claimants' motions, the bankruptcy court granted the claimants relief from the automatic stay to pursue their claims against WRS and others in the Louisiana state courts.

WRS filed the instant action and motion seeking to withdraw the reference of the tort claims to the bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) so that those claims can proceed in the United States District Court. Section 157(b)(5) provides: "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5). However, section 157(b)(5) "has consistently been construed to recognize discretion in district courts to leave personal injury cases where they are pending." In re Pan Am. Corp., 950 F.2d 839,

845 (2d Cir. 1991); see also In re White Motor Credit, 761 F.2d 270, 273 (6th Cir. 1985) (finding Bankruptcy Act "'allows abstention for personal injury cases' and only 'where abstention does not occur' will the requirement for adjudication in a district court take effect"). The bankruptcy court has already lifted the stay as to the tort claimants' personal injury suits. It would be a waste of judicial resources to withdraw the reference to bankruptcy court as to claims that are proceeding in the Louisiana state courts. WRS's motion is DENIED.

New Orleans, Louisiana, this 22nd day of August, 2018.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE
A TRUE COPY
Aug 22 2018
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

2