**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 BANKRUPTCY |
| | * | |
| WALLACE, RUSH, SCHMIDT, INC. | * | CASE NO.   17-10698 |
| | * | |
| DEBTOR | * | SECTION  "A" |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEBTOR'S RESPONSE TO**
**JOINT MOTION OF CLASS 6 CLAIMANTS TO**
**RE-OPEN CHAPTER 11 CASE**

**NOW INTO COURT** comes Debtor, Wallace, Rush, Schmidt, Inc. (sometimes hereinafter "WRS" or "Debtor") through undersigned Counsel, who files its Response to Joint Motion of Class 6 Claimants ("Claimants") to Re-open its Chapter 11 Case and respectfully represents as follows:

**Jurisdiction and Venue**

**I.**

This Court has jurisdiction over this matter pursuant to *28 U.S.C. §§ 157 and 1334*. This Motion is a core proceeding within the meaning of *28 U.S.C. § 157(b)(2)*. Venue is proper in this district pursuant to *28 U.S.C. § 1409*.

## Procedural Background
## II.

**A.     Memorandum Opinion and Order (Doc. 560)**

**i)     Previous Court Discussion, (Pg. 5**)

This Court entered its Memorandum Opinion and Order (Doc. 560) on December 28, 2022 (See Exhibit No. 1 attached hereto) in connection with WRS's Motion to Re-Open its Chapter 11 Case to Enforce Plan Provisions with Accompanying Memorandum in Support (Doc. 540 & 541) pursuant to *11 U.S.C. §350(b)* in connection with WRS' Request for Release and Payment of Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company ("Reserve Fund"), account Ending 3324.

This Court stated "In the Motion, the Reorganized Debtor seeks to reopen the case under *§ 350(b)* of the *Bankruptcy Code* prior to the expiration of the five-year term of the Plan (October 13, 2023)[1] for purposes of "administration and finalization of the Debtor's Confirmed Plan." [ECF Doc. 541, ¶ 13]. Citing a *Global Confidential Settlement and Release Agreement* (the "Settlement"), executed among Claimants, the Reorganized Debtor, and one of its insurers, and attached as an exhibit to the Motion, the Reorganized Debtor now asserts that the funds currently held in the Reserve Fund are property of the Estate pursuant to plain terms of the Confirmation

---

[1] Under *§ 8.02* of the Plan, the Plan became effective thirty days following the date of entry of the Confirmation Order, or October 13, 2018. [ECF Doc. 359]. No Order staying the Confirmation Order was issued by the Court.

Order and Confirmed Plan. Reserve Fund are property of the estate pursuant to the plain terms of the Confirmation Order and confirmed Plan. [ECF Doc. 540, ¶¶ 9–12 & Ex. B]. Thus, should this Court reopen the case as requested, the Reorganized Debtor intends to initiate an adversary proceeding seeking turnover of amounts currently held in the Reserve Fund. [ECF Doc. 540, ¶¶ 9–12; ECF Doc. 541, ¶ 12].

### ii) Previous Court Discussion Continued (Pg. 7)

This Court erroneously stated:

> First, the Reserve Fund created by the Plan is designed to provide recovery over and above any recovery provided by insurance proceeds. [ECF Doc. 433, at 4–7]. Moreover, contrary to the Reorganized Debtor's interpretation of the effects of the lawsuit Settlement, a plain reading of the Settlement reveals that the Reorganized Debtor received only a partial release from liability for claims asserted by Claimants and covered by policies of the insurer that is a party to the Settlement:

>> **HOWEVER**, this release is subject to and limited only by each Claimant's right: (1) to pursue [Reorganized Debtor] to the extent it carries other valid and collectible insurance issued by insurers other than [settling insurer] and/or any insurer corporately affiliated with [settling insurer group][;] (2) to pursue [Reorganized Debtor] to the extent it is an additional insured under [certain policy] issued by National Liability & Fire Insurance Company to Kristina's Transportation, LLC; **and (3) to seek recovery for any amounts [Reorganized Debtor] has paid or will pay into the reserve fund approved by the Bankruptcy Court in In re: Wallace, Rush, Schmidt, U.S. Bankruptcy Court, E.D. La. Case No. 17-10698.**
>> [ECF Doc. 540, Ex. B, § 4(b) (emphasis added)].

The above statement while written in the Memorandum Opinion and Order of this Court was never a part of WRS's Confirmed Plan, and was never approved in WRS's Confirmed Plan as modified by Immaterial Modifications approved by the U.S. Bankruptcy Court for the Eastern District of Louisiana.

**The Reserve Fund created by the Plan was not designed to provide recovery over and above any recovery provided by insurance proceeds nor was it every written in any of the Confirmed Plans as modified by Immaterial Modification approved by this Court.**

**Further, the Claimants received a $3,000,000.00 Settlement from WRS's Insurance Carrier, being in excess of the Two Million Five Hundred Thousand ($2,500,000.00) Dollar negotiated and committed to the Plan by WRS.**

iii. <u>Previous Court Discussion Continued (Pg. 8</u>)

For the foregoing reasons, the Court finds that the Reorganized Debtor has not demonstrated the existence of estate assets to administer, any relief that could be accorded the Reorganized Debtor, or "other cause" that would justify reopening the case. The Court interprets the Motion to be an attempt to renegotiate or retrade on the terms of the Plan that it negotiated with its creditors and this Court confirmed, which is not a proper use of § 350(b) of the Bankruptcy Code. The Court declines, however, to consider sanctions against the

Reorganized Debtor for pursuing the Motion as requested by the Claimants in their opposition to the Motion.

For the foregoing reasons,

**IT IS ORDERED** that the Motion is **DENIED**.

New Orleans, Louisiana, December 28, 2022.

**Opinion and Order (Doc. 560) is Presently on Appeal
to the U.S. District Court for the Eastern District of Louisiana**

**III.**

Currently, the Memorandum of Opinion and Order Denying WRS's Motion to Reopen its Chapter 11 Bankruptcy Case is pending on appeal in the U.S. District Court, Eastern District of Louisiana[2]. The Bankruptcy Court Confirmation Order on the Debtor's Third Immaterial Modification to the Third Amended Plan of Reorganization **(Doc. 359) (Doc. 433**) continues in effect and is binding on WRS and all its creditors. The Claimants have seized upon, (outside of the Plan) the contention that the Estate Escrowed Funds deposited in, and being held in, Gulf Coast Bank and Trust, Company Reserve Fund are a part of the Plan for WRS when in fact they are not part of the Plan, nor or is any ruling binding upon WRS outside of the Plan provisions.

---

[2] U.S. District Court ED of LA, Case No. 2:23-cv-00196; GGG-MBN; Doc. 1 filed on 1/13/2023

-5-

**The Confirmed Plan Provisions Take Priority**

**IV.**

Although Claimants have filed this Motion in an attempt to misconstrue the pleadings associated with the Plan Confirmation of WRS, this matter eminated from the Chapter 11 Plan of Reorganization of WRS which was confirmed in the United States Bankruptcy Court for the Eastern District of Louisiana in New Orleans on September 13, 2018 (U.S. Bankruptcy Court, ED of LA, Doc. 438) after numerous amendments and revisions (the "Reorganization Plan" or "Plan"). <u>THE PLAN CONTAINED NUMEROUS AND SEVERAL PROVISIONS STATING THAT THE CLAIMS AGAINST WRS WOULD BE PAID BY INSURANCE PROCEEDS ONLY.</u> It also contained a provision to set aside funds for debt payment in case of the failure of insurance proceeds or no insurance payment to the Claimants which were treated in Debtor's Plan as Class 6, Unliquidated, Contingent Claims.

The insurance carrier of WRS paid out an amount of Three Million ($3,000,000.00) Dollars to Claimants, being in excess of the Two Million Five Hundred Thousand ($2,500,000.00) Dollar committed to the Plan by WRS. The beneficiaries of the Plan after receiving the Three Million Dollar payment, have decided that they are now owed additional funds which were put aside by WRS in anticipation of the contingency of no insurance proceeds. As mentioned herein above, **THIS ISSUE IS PRESENTLY UNDER ACTIVE CONSIDERATION IN A PROCEEDING IN THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA IN NEW ORLEANS, CASE NO. 2:23-CV-00196 GGG-MBN.**

The State Court Global Settlement Agreement executed by Plaintiffs and WRS in this matter contained the following statement, which was not part of the Confirmed Plan of WRS and was never written into the Confirmed Plan as follows:

> ***"this release is subject to and limited only by each Claimant's right: (1) to pursue WRS to the extent it carries other valid and collectible insurance issued by insurers other than [Insurer] and/or any insurer corporately affiliated with [Insurer group][;] (2) to pursue WRS to the extent it is an additional insured under [certain policy] issued by National Liability & Fire Insurance Company to Kristina's Transportation, LLC; and (3) to seek recovery for any amounts WRS has paid or will pay into the reserve fund approved by the Bankruptcy Court in In re: Wallace, Rush, Schmidt, U.S. Bankruptcy Court, E.D. La. Case No. 17-10698."21 (emphasis added).***

Plaintiffs Counsel continuously argue this point. However, no Judgment of Liability in any State Court Proceeding has ever been recorded as of this writing against Wallace, Rush, Schmidt, and this provision attempts to modify or change the Plan provisions which is impermisable without Bankruptcy Court approval. Such was not obtained by Claimants.

Claimants Counsel has now decided they are going to revise the Court Confirmation Order with the above Statement in the Global Settlement Agreement which was never approved by the Confirmation Order, in an effort to gain additional funds not contained in Debtor's Confirmed Plan.

This cannot be allowed by the Court, inasmuch as such is not contained in the Plan of WRS nor is it binding within the Confirmed Plan of WRS. This is an important factor in the Appeal currently pending in the U.S. District Court for the Eastern District of Louisiana.

**Claimants Misconstrued Interpretation of Plan Confirmation Order**

**V.**

Once the Global Settlement Agreement was executed by the Claimants in an amount of Three Million ($3,000,000.00) Dollars being in excess of the Two Million Five Hundred Thousand ($2,500,000.00) Dollar committed to the Plan by WRS in the Reserve Fund, the funds set aside were property of the Estate of Debtor. The Reserve Fund created by the Plan was not designed to provide recovery over and above any recovery provided by insurance proceeds nor was it every written in any of the Confirmed Plans as modified by Immaterial Modification approved by this Court.

The Court entered Order (**Doc. 438-0, 438-1**) Confirming the Debtor's Third Amended Plan of Reorganization on September 13, 2018. The Plan (**Doc. 359**) was amended pursuant to the First Immaterial Modification (**Doc. 361**) on June 21, 2018; Second Immaterial Modification (**Doc. 417**) on August 30, 2018; and Third Immaterial Modification *as directed by the Court* (**Doc. 433**) on September 13, 2018.

In each one of the Plans and Immaterial Modifications approved by the Confirmation Order, specifications of a Settlement Agreement of a limit of $2.5 million dollars is confirmed by the Bankruptcy Court. Further, not one of the Plans and Immaterial Modifications approved by the Confirmation Order of the U.S. Bankruptcy Court state that the Reserve Account at Gulf Coast Bank was included above and beyond the $2.5 million dollar limit of Insurance Settlement funds. As such, the funds are rightly property of the Estate of Debtor.

As of the Confirmation Date of the Plan, no Judgment of Liability was entered into any Court against Debtor or its insurance carriers in connection with the Kristina's Transportation Claimants. In addition, <u>as of this writing, no Judgment of liability has ever been entered into any Court against Debtors or their insurance carriers</u>.

## Legal Argument

## VI.

**A.     Collateral Estoppel**

Collateral Estoppel bars re-litigation of an issue where:

(1)     the identical issue was previously adjudicated;

(2)     the issue was actually litigated;

(3)     the previous determination was necessary to the decision; and

(4)     the party being precluded from re-litigating the issue was fully represented in the prior action.

Although Claimants have filed a Joint Motion of Class 6 Claimants to Re-open WRS's Chapter 11 Case, the Order Denying WRS's Motion to Reopen Chapter 11 case is on Appeal to the U.S. District Court, Eastern District of Louisiana, CASE NO. 2:23-CV-00196 GGG-MBN.

The Joint Motion of Class 6 Claimants to Re-open WRS's Chapter 11 Case seek here to litigate the same causes of action; [Memorandum Opinion & Order Doc. (Doc. 560)] discussed above that are now on Appeal with U.S. District Court, Eastern District of Louisiana, CASE NO. 2:23-CV-00196 GGG-MBN.

Taking the requisite broad view, the acts complained of, material facts, and demand for relief are all the same. As such, the Claimants should not be allowed to pursue the Motion to Reopen WRS's Chapter 11 Bankruptcy proceeding. In re *Lynch v. Jacobs*, 2021 U.S. Dist. Lexis 27980.

The Court should find that an Appeal to the U.S. District Court in this matter was timely filed. A District Court, sitting as an appellate court in bankruptcy matters, reviews the bankruptcy court's legal determination *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. In re *Goody's Family Clothing, Inc.*, 610 F.3d 812, 816 (3d Cir. 2010). An abuse of discretion is the standard of review for both a bankruptcy court's decision to deny a motion to reopen a case (*Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997)) and interpretation of its own confirmation order (In re *Shenango Grp. Inc.*, 501 F.3d 338, 346 (3d Cir. 2007)). A decision denying a motion to reopen "is entitled to deference, and the required showing for an abuse of discretion is high." *Citizens against Corp. Crime, LLC v. Lennar Corp.* (In re *Landsource Cmtys. Dev., LLC*), 612 B.R. 484, 493 (D. Del. 2020). The "decision should not be overturned based on an abuse of discretion 'unless there is a definite and firm conviction that the court below committed a clear error of judgement in the conclusion it reached upon a weighing of the relevant facts, [i.e.,] no reasonable person would adopt the [lower] court's view.'" *Chevron Prods. Co. v. SemCrude, L.P.* (In re *SemCrude, L.P.*), 428 B.R. 590, 593 (D. Del. 2010) (quoting *Hanover Potato Prods. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993)).

Collateral estoppel has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 253 (3d Cir. 2006). It should be applied in this matter.

**B.** **Res Judicata**

*Res judicata* provides a "dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding" and applies when there is a "(1) final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Bd. of Trs. of Trucking Emps. Welfare Fund Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992).

In deciding whether two suits are based on the same cause of action, courts take a "broad view" to see if there is "an essential similarity of the underlying events giving rise to the various legal claims." *U.S. v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). Courts should consider such factors as (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought in the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

Once bankruptcy plan confirmation and settlement orders become final on direct review (whether or not proper exercises of bankruptcy court jurisdiction and power), they

become *res judicata* to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

An order confirming a Chapter 11 plan, and the plan itself, are accorded *res judicata* effect with regard to claims addressed therein. The provisions of a confirmed reorganization plan are interpreted using the traditional tools of contract analysis. When a court is called upon to construe the terms of a confirmed plan, the goal is to determine the meaning of the text. Here however, the Memorandum Opinion and Order (Doc. 560) denying WRS's Motion to Reopen its Chapter 11 Bankruptcy are on Appeal with U.S. District Court as there were several items listed that were not Approved in the Confirmed Plan of WRS as Modified by Immaterial Modification that were written into the Settlement Agreement in an attempt by Class 6 Claimants to revise the Confirmed Plan.

The claims the Class 6 Claimants seek to prevail in their Joint Motion to Reopen WRS's Chapter 11 Bankruptcy are the same and identical as previously presented to this Court.

## Conclusion

### VII.

The Bankruptcy Court's Order Denying Wallace, Rush, Schmidt, Inc. Motion to Reopen its Chapter 11 Bankruptcy proceeding is on Appeal with the U.S. District Court for the Eastern District of Louisiana, CASE NO. 2:23-CV-00196 GGG-MBN and is currently pending. As such, the Joint Motion of Class 6 Claimants to Re-open its Chapter 11 Case should be denied and dismissed based on *res judicata* and/or collateral estoppel.

**WHEREFORE,** for the reasons set forth herein, Wallace, Rush, Schmidt, Inc. respectfully requests the Court deny the Joint Motion of Class 6 Claimants to Re-open its Chapter 11 Case and for all other relief as justified.

Mandeville, Louisiana this 15th, day of September, 2023.

Respectfully submitted;

/s/ Phillip K. Wallace

**Phillip K. Wallace (LA Bar 13198)**
4040 Florida Street, Suite 203
Mandeville, LA 70448
Telephone: 985-624-2824
Facsimile: 985-624-2823
**Counsel for Debtor,
Wallace, Rush, Schmidt, Inc.**

**CERTIFICATE OF SERVICE**

I, hereby certify that a copy of the foregoing Response of WRS to the Joint Motion of Class 6 Claimants to Re-open its Chapter 11 Case has been served via this Court's CM/ECF Electronic Notification System and/or to Counsel for Class 6 Claimants and all Class 6 Claimants this 15th, day of September, 2023.

/s/ Phillip K. Wallace
**Phillip K. Wallace (LA Bar 13198)**