UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WALLACE, RUSH, SCHMIDT, INC., | CASE NO. 17-10698 |
| DEBTOR | SECTION "A" |

CLAIMANTS' REPLY TO DEBTOR'S RESPONSE TO
JOINT MOTION OF CLASS 6 CLAIMANTS TO RE-OPEN CHAPTER 11 CASE

Now into court, through undersigned counsel, come Jennifer Guidry Chauvin, individually and as the administrator of the estate of Spencer Chauvin and as Tutrix of Jade Michel Chauvin and Jude Lewis Chauvin; Princess Sherrod on behalf of Minor Child, A.S. David Jones; Nicholas and Rebekah Saale, individually and on behalf of their Minor Child, C.S. Sulma Almendarez-Rivas; Jenyfer Espinal Almendare, individually and on behalf of L.E.A.; Emiliano Acosta, individually and on behalf of E.A.; Keyla Gonzalez; Mariela Bardales; Kenia Gonzalez; Glenny Berroa; Fatima Berroa; Daniella Maciel De Souza, on behalf of her minor child, V.M.K.; and, Marcus Tate and Christina Tate, individually and on behalf of the minor children, M.T., A.T., and M.J. (collectively, the "Claimants"), each, a party-in-interest and creditor of the above-captioned debtor ("Debtor" or "WRS"), who hereby file this reply to WRS' response [Doc. 575] ("WRS Response") to the *Joint Motion of Class 6 Claimants to Reopen Chapter 11 Case* [Doc. 572] ("Joint Motion to Reopen") and respectfully represent as follows:

1.

Claimants filed the *Joint Motion to Reopen* on September 6, 2023, which matter is scheduled for hearing before this Court on September 27, 2023. Through that motion, Claimants seek to reopen the above-captioned chapter 11 case ("Chapter 11 Case") for purposes directly

related to Plan implementation, *i.e.*, to obtain an order of this Court approving Claimants' agreed upon delay of Plan distributions to Claimants.

2.

Through the *WRS Response*, WRS urges the Court to deny the *Joint Motion to Reopen* due to, among other things, a purported bar to relief under the doctrines of res judicata and collateral estoppel. The basis for WRS' arguments is this Court's prior ruling on a motion to reopen the Chapter 11 Case filed by WRS in July 2022 [Doc. 540] ("WRS' Motion to Reopen"). Through that motion, WRS sought to reopen the Chapter 11 Case for purposes of obtaining, for itself, funds escrowed ("Reserve Fund"), pursuant to WRS' confirmed chapter 11 plan ("Plan") as part of the treatment of Claimants' claims. On December 28, 2022, this Court denied *WRS' Motion to Reopen* ("2022 Order"), rejecting WRS' arguments that WRS had been fully released of its Plan obligations with respect to Claimants and the Reserve Fund. *See* 2022 Order [Doc. 560]. As of the date of this filing, WRS' appeal of this Court's *2022 Order* currently remains pending before the U.S. District Court for the Eastern District of Louisiana.

3.

**The relief sought by Claimants is not barred by res judicata.**

Res Judicata bars the re-litigation of claims that were or could have been raised in a prior proceeding. *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Courts consider the following factors when evaluating the application of res judicata to a claim: (1) whether the parties are identical in both proceedings; (2) whether a judgment on the merits was rendered in a prior proceeding by a court of competent jurisdiction; and, (3) whether the same claim was involved in both proceedings. *Id*. Without analysis, WRS concludes, "[t]he claims the

Class 6 Claimants seek to prevail in their Joint Motion to Reopen WRS' Chapter 11 Bankruptcy are the same and identical as previously presented to this Court." *WRS Response*, p.12.

As explained above, the ultimate relief sought by Claimants through their *Joint Motion to Reopen* is far different from the relief sought by WRS through WRS' *Motion to Reopen*. Specifically, through reopening of the Chapter 11 Case, Claimants are not requesting a determination by this Court as to the proper party(ies) entitled to the Reserve Fund; but, instead are simply seeking approval of an agreed delay of Plan distributions from the Reserve Fund. By contrast, through *WRS' Motion to Reopen*, WRS expressly sought a judgment ordering the Reserve Fund to be distributed to WRS.

Furthermore, the decision by Claimants to delay Plan distributions was not made until after the *2022 Order* was entered; and, thus, could not have been previously raised by Claimants in connection with *WRS' Motion to Reopen*. Finally, no judgment on the merits was rendered by this Court through its *2022 Order*. A Court's decision regarding the reopening of a bankruptcy case "is not an adjudication on the substantive issues raised by the moving party and 'determines nothing with respect to the merits of the case'". *In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017) (internal citations omitted). Because of the differences between the claims asserted by WRS and Claimants and the absence of a final judgment on the merits of WRS' claims raised in *WRS' Motion to Reopen*, the doctrine of res judicata does not apply to the pending *Joint Motion to Reopen*.

4.

**Collateral estoppel is not applicable to the relief sought by Claimants.**

After a Court has determined an issue of fact or law required for its judgment, such a determination may preclude a party from relitigating the issue in a subsequent case over a different claim but involving the same parties. *In re Reddy Ice Holdings, Inc.*, 611 B.R. 802 (Bankr. N.D.

Tex 2020). Collateral estoppel precludes the litigation of an issue already decided in a prior case involving the same parties if (1) the issue is identical to the one decided in the prior case; (2) the issue was actually litigated in the prior case; and, (3) determination of the issue was required for the judgment in the prior case. *Petro-Hunt, LLC v. United States*, 365 F.3rd 385 (5th Cir. 2004). Again, without support or any discussion of the specific issues at hand, WRS asserts that Claimants seek to litigate the same causes of action that are now on appeal. *WRS' Response*, p. 9

Despite WRS' allegations, Claimants' purpose for seeking reopening of the Chapter 11 Case, *i.e.,* to delay Plan distributions to Claimants, is entirely different from the purpose asserted by WRS through *WRS' Motion to Reopen*. Furthermore, the issues raised by Claimants through the *Joint Motion to Reopen* were not "actually litigated" in connection with *WRS' Motion to Reopen*. The timing of distributions was not previously litigated or addressed through *WRS' Motion to Reopen*, except for this Court's acknowledgement that:

> "the Confirmation Order and Plan provisions contemplate a five-year term on the Plan and require the Reorganized Debtor to make monthly and quarterly deposits into the Reserve Fund until at least October 2023 or 'for the life of the Plan.' [ECF Doc. 433, at 1-8]. At best, the Reorganized Debtor's motion is premature, as conditions precedent have not been met: 'If any funds remaining in the Reserve Account, at the end of the five-year Plan period <u>and</u> after payment to all Class 6 Claimants who receive a final Judgment or enter into settlement agreement with the Debtor as provided for herein, any such remaining funds shall be the property of the Reorganized Debtor, Wallace, Rush, Schmidt, Inc.' [ECF Doc. 433, at 5-6]". *2022 Order*, p.7.

Accordingly, the elements required for application of collateral estoppel to the *Joint Motion to Reopen* cannot be established by WRS; and, Claimants are not precluded from seeking the relief sought in connection with their pending motion.

**WHEREFORE**, Claimants respectfully request that this Court reopen the Chapter 11 Case for plan implementation purposes, as set forth in their *Joint Motion to Reopen*; and, grant such other and further relief it deems necessary and appropriate.

       Respectfully submitted,

       **THE STEFFES FIRM, LLC**

       /s/ Barbara B. Parsons
       Barbara B. Parsons (#28714)
       13702 Coursey Blvd., Building 3
       Baton Rouge, Louisiana 70817
       Telephone: (225) 751-1751
       Facsimile: (225) 341-1241
       E-mail: bparsons@steffeslaw.com

       *Bankruptcy Counsel for Claimants*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WALLACE, RUSH, SCHMIDT, INC., | CASE NO. 17-10698 |
| DEBTOR | SECTION "A" |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Reply to Debtor's Response to Joint Motion of Class 6 Claimants' to Reopen Chapter 11 Case* has been served via e-mail through this Court's CM/ECF Electronic Notification System to the following parties:

Christy R. Bergeron on behalf of Creditor Paychex Advance, LLC CBergeron@RLLaw.com
Miriam Brooks on behalf of Interested Party Miriam Remer Georges-Pierre, PLLC mbrooks@rgpattorneys.com
Richard Theodore Haik, Jr. on behalf of Creditor Nicholas Saale richardh@mmrblaw.com
Kenneth H. Hooks, III on behalf of Interested Party Princess Sherrod kenny@dodsonhooks.com
Mary S. Langston on behalf of U.S. Trustee Office of the U.S. Trustee Mary.Langston@usdoj.gov
Andrew A. Lemmon on behalf of Interested Parties Adriane Gaines and Toni Ingram andrew@lemmonlawfirm.com
Christopher McCall on behalf of Movant Daniella Maciel DeSouza cmccall@baggettmccall.com
Edward Lee Moreno on behalf of Interested Party Emiliano Acosta emoreno@redmannlaw.com
H. Edward Sherman on behalf of Creditor Jennifer Guidry Chauvin nolaatty4u@gmail.com
Matthew Paul Skrabanek on behalf of Interested Party David Jones paul@psbfirm.com
Dwazendra J. Smith on behalf of Interested Party Marcus Tate dwa@doranlawfirm.com
Office of the U.S. Trustee USTPRegion05.NR.ECF@usdoj.gov
David Vicknair on behalf of Creditor De'Marcus Thomas david@svhclaw.com
Phillip K. Wallace on behalf of Debtor Wallace, Rush, Schmidt, Inc. PhilKWall@aol.com

Baton Rouge, Louisiana, this 19th day of September, 2023.

/s/ Barbara B. Parsons
Barbara B. Parsons